1  Randy J. Aliment, WSBA #11440
   Michael I. White, WSBA #35409
2  WILLIAMS, KASTNER & GIBBS PLLC
   601 Union Street, Suite 4100
3  Seattle, WA  98101-2380
   Telephone:  (206) 628-6600
4  Fax:  (206) 628-6611
   Attorneys for Defendants James
5  Stephenson and Wayne Stripp

6

7

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WASHINGTON

8  | STRATEGIC INTENT, LLC, a | NO. |
   Washington limited liability company,
9  d/b/a Palouse Falls Brewing Company,   DECLARATION OF RANDY J.
                                          ALIMENT IN SUPPORT OF
10 JEFFREY A. GREENE and MELINDA          NOTICE OF REMOVAL OF
   L. GREENE, husband and wife, in their  CIVIL ACTION UNDER §§ 1332,
11 individual capacities, and the marital 1441, AND 1446
   community composed thereof,
12
                Plaintiffs,
13
         v.
14
   STRANGFORD LOUGH BREWING
15 COMPANY LIMITED, a United
   Kingdom Corporation for the regions of
16 Home Counties and Outer London,

17 ROBERT LITTLE and JANE DOE
   LITTLE, husband and wife, in their
18 individual capacities, and the marital
   community composed thereof,
19

DECLARATION OF RANDY J. ALIMENT IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL ACTION UNDER §§ 1332, 1441,
AND 1446 - 1

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2617804.1

1    ANTHONY DAVIES and TRACEY
      DAVIES, husband and wife, in their
2    individual capacities, and the marital
      community composed thereof,

3

      MICHAEL STANLEY ROSS and JANE
4    DOE ROSS, husband and wife, in their
      individual capacities, and the marital
5    community composed thereof,

6    JAMES STEPHENSON and JANE DOE
      STEPHENSON, husband and wife, in
7    their individual capacities, and the
      marital community composed thereof,
8    and JAMES STEPHENSON d/b/a
      STRANGFORD LOUGH BREWING
9    CO., STRANGFORD LOUGH
      BREWING COMPANY INC. and
10   STRANGFORD LOUGH BREWING
      COMPANY INC, NORTH AMERICA,

11

      WAYNE STRIPP and JANE DOE
12   STRIPP, husband and wife, and the
      marital community composed thereof,
13   and WAYNE STRIPP d/b/a
      STRANGFORD LOUGH BREWING
14   CO., STRANGFORD LOUGH
      BREWING COMPANY INC. and
15   STRANGFORD LOUGH BREWING
      COMPANY INC, NORTH AMERICA

16

          Defendants.
17

18       ///

19       ///

DECLARATION OF RANDY J. ALIMENT IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL ACTION UNDER §§ 1332, 1441,
AND 1446 - 2

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2617804.1

1     I, Randy J. Aliment, state:

2        1.    I am an attorney licensed to practice law in the state of Washington

3  and a member of the bar of the Eastern District of Washington.  I am a member

4  of the law firm of Williams, Kastner & Gibbs, PLLC and am counsel for

5  Defendants James Stephenson and Wayne Stripp (the "Removing Defendants")

6  in the matter of Strategic Intent, LLC, et al. *v. Strangford Lough Brewing*

7  *Company, et al.*, Case No. 09-2-00195-1 filed on August 27, 2009 in the Superior

8  Court of the State of Washington in and for the County of Whitman.  I am

9  submitting this declaration in support of the Notice of Removal (the "Notice").  I

10  have personal knowledge of the matters stated herein, and, if called upon to

11  testify, could and would testify competently thereto.

12        2.    Attached as Exhibit A is a true and correct copy of written consents

13  to removal signed by Defendants Strangford Lough Brewing Company, Robert

14  Little, Anthony Davies and Michael Ross.

15        3.    Attached collectively as Exhibit B are true and correct copies "of all

16  process, pleadings, and orders served upon" the removing Defendants prior to the

17  filing of the Notice.

18        ///

19        ///

DECLARATION OF RANDY J. ALIMENT IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL ACTION UNDER §§ 1332, 1441,
AND 1446 - 3

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2617804.1

1    I declare under penalty of perjury under the laws of the United States of

2    America that the foregoing is true and correct.

3    DATED this 8th day of October, 2009.

4                                    s/Randy J. Aliment
                                     Randy J. Aliment, WSBA #11440
5                                    Attorneys for Defendants James
                                     Stephenson and Wayne Stripp
6                                    WILLIAMS, KASTNER & GIBBS PLLC
                                     601 Union Street, Suite 4100
7                                    Seattle, WA  98101-2380
                                     Telephone:  (206) 628-6600
8                                    Fax:  (206) 628-6611
                                     Email: raliment@williamskastner.com
9                                           mwhite@williamskastner.com

10

11

12

13

14

15

16

17

18

19

DECLARATION OF RANDY J. ALIMENT IN SUPPORT OF        **Williams, Kastner & Gibbs PLLC**
NOTICE OF REMOVAL OF CIVIL ACTION UNDER §§ 1332, 1441,   601 Union Street, Suite 4100
AND 1446 - 4                                         Seattle, Washington 98101-2380
                                                     (206) 628-6600

2617804.1

1

**CERTIFICATE OF SERVICE**

2      I hereby certify that on this 8th day of October, 2009, I electronically filed

3  the foregoing with the Clerk of the Court using the CM/EFC system and will

4  send notification of such filing to the following via facsimile and U.S. Mail:

5  Linda Schauble-Ruff, WSBA #14707
   Attorneys for Plaintiffs

6  AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
   P.O. Box 307

7  Pullman, WA  99163-0307
   Telephone:  (509) 334-3505

8  Fax:  (509) 334-5367

9      The foregoing statement is made under penalty of perjury and under the

10  laws of the United States of America and the State of Washington and is true and

11  correct.

12      SIGNED at Seattle, Washington, this 8th day of October, 2009.

13                              s/Michael I. White
                                Michael I. White, WSBA #35409

14                              Randy J. Aliment, WSBA #11440
                                Attorneys for Defendants James

15                              Stephenson and Wayne Stripp
                                WILLIAMS, KASTNER & GIBBS PLLC

16                              601 Union Street, Suite 4100
                                Seattle, WA  98101-2380

17                              Telephone:  (206) 628-6600
                                Fax:  (206) 628-6611

18                              Email: raliment@williamskastner.com
                                     mwhite@williamskastner.com

19

DECLARATION OF RANDY J. ALIMENT IN SUPPORT OF
NOTICE OF REMOVAL OF CIVIL ACTION UNDER §§ 1332, 1441,
AND 1446 - 5

**Williams, Kastner & Gibbs PLLC**
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2617804.1

# EXHIBIT A

1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

8  STRATEGIC INTENT, LLC, a              NO.
   Washington limited liability company,
9  d/b/a Palouse Falls Brewing Company,   CONSENT TO REMOVAL

10 JEFFREY A. GREENE and MELINDA
   L. GREENE, husband and wife, in their
11 individual capacities, and the marital
   community composed thereof,

12
                Plaintiffs,
13
        v.
14
   STRANGFORD LOUGH BREWING
15 COMPANY LIMITED, a United
   Kingdom Corporation for the regions of
16 Home Counties and Outer London,

17 ROBERT LITTLE and JANE DOE
   LITTLE, husband and wife, in their
18 individual capacities, and the marital
   community composed thereof,

19

CONSENT TO REMOVAL - 1

2618350.1

1   ANTHONY DAVIES and TRACEY
     DAVIES, husband and wife, in their
2   individual capacities, and the marital
     community composed thereof,

3

     MICHAEL STANLEY ROSS and JANE
4   DOE ROSS, husband and wife, in their
     individual capacities, and the marital
5   community composed thereof,

6   JAMES STEPHENSON and JANE DOE
     STEPHENSON, husband and wife, in
7   their individual capacities, and the
     marital community composed thereof,
8   and JAMES STEPHENSON d/b/a
     STRANGFORD LOUGH BREWING
9   CO., STRANGFORD LOUGH
     BREWING COMPANY INC. and
10  STRANGFORD LOUGH BREWING
     COMPANY INC, NORTH AMERICA,

11

     WAYNE STRIPP and JANE DOE
12  STRIPP, husband and wife, and the
     marital community composed thereof,
13  and WAYNE STRIPP d/b/a
     STRANGFORD LOUGH BREWING
14  CO., STRANGFORD LOUGH
     BREWING COMPANY INC. and
15  STRANGFORD LOUGH BREWING
     COMPANY INC, NORTH AMERICA

16
           Defendants.
17

18

19

CONSENT TO REMOVAL - 2

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2618350.1

1    PLEASE TAKE NOTICE THAT, Defendants Robert Little, Anthony

2 Davies, Michael Ross, and Strangford Lough Brewing Company, hereby give

3 notice of their consent to removal of the above-entitled civil action from the

4 Superior Court of the State of Washington in and for the County of Whitman

5 (Case No. 09-2-00195-1) to the United States District Court for the Eastern

6 District of Washington at Spokane.

7

8 Dated: 6 TH October 2009    _____
                                 Robert Little

9

10 Dated: 6 th Octbro 2009    _____
                                 Anthony Davies

11

12

13 Dated: 6 th Octbro 2009    _____
                                 Michael Ross

14

15    STRANGFORD LOUGH BREWING
      COMPANY

16

17 Dated: 6 Octobr 2009    By _____
                                 R. LITTLU

18                              Its _____  DIRECTUR

19

CONSENT TO REMOVAL - 3

Williams, Kastner & Gibbs PLLC
601 Union Street, Suite 4100
Seattle, Washington 98101-2380
(206) 628-6600

2618350.1

# EXHIBIT B

## SUPERIOR COURT OF WASHINGTON
## IN AND FOR WHITMAN COUNTY

STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company,

JEFFREY A. GREENE and MELINDA L. GREENE, husband and wife, in their individual capacities, and the marital community composed thereof,

        Plaintiffs,

    v.

STRANGFORD LOUGH BREWING COMPANY LIMITED, a United Kingdom Corporation for the regions of Home Counties and Outer London,

ROBERT LITTLE and JANE DOE LITTLE, husband and wife, in their individual capacities, and the marital community composed thereof,

ANTHONY DAVIES and TRACEY DAVIES, husband and wife, in their individual capacities, and the marital community composed thereof,

MICHAEL STANLEY ROSS and JANE DOE ROSS, husband and wife, in their individual capacities, and the marital community composed thereof,

JAMES STEPHENSON and JANE DOE STEPHENSON, husband and wife, in their individual capacities, and the marital community composed of thereof, and JAMES STEPHENSON d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA,

WAYNE STRIPP and JANE DOE STRIPP, husband and wife, and the marital community composed thereof, and WAYNE STRIPP d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA

        Defendants.

Case No.: 09 2 00195 1

SUMMONS

**COPY**

AUG 27 2009

WHITMAN COUNTY CLERK

SUMMONS
Page 1

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

TO THE ABOVE NAMED DEFENDANTS AND EACH OF YOU:

A lawsuit has been started against you in the above-entitled court by STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company. Plaintiff's claims are stated in the written Complaint, a copy of which is served upon you with this Summons.

In order to defend against this lawsuit, you must respond to the Complaint by stating your defense in writing, and serve a copy upon the person signing this summons within 20 days after the service of this summons, or within 60 days if this Summons was served outside the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Summons and Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington.

SUMMONS
Page 2

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

DATED this 27 day of August, 2009.

1

2

3

4                                    AITKEN, SCHAUBLE, PATRICK, NEILL,
                                          RUFF & SHIRLEY
5

6

7
                               By: _____
8
                                   Linda Schauble-Ruff, WSBA No. 14707
9                                  Of Attorneys for Plaintiff
10                                 P.O. Box 307
                                   Pullman, WA 99163
11                                 Telephone Number:  (509) 334-3505
12                                 FAX Number:     (509) 334-5367
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

30

31

32

33

34

35

SUMMONS
Page 3

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR WHITMAN COUNTY**

STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company, )

JEFFREY A. GREENE and MELINDA L. GREENE, husband and wife, in their individual capacities, and the marital community composed thereof, )

            Plaintiffs, )

      v. )

STRANGFORD LOUGH BREWING COMPANY LIMITED, a United Kingdom Corporation for the regions of Home Counties and Outer London, )

ROBERT LITTLE and JANE DOE LITTLE, husband and wife, in their individual capacities, and the marital community composed thereof, )

ANTHONY DAVIES and TRACEY DAVIES, husband and wife, in their individual capacities, and the marital community composed thereof, )

MICHAEL STANLEY ROSS and JANE DOE ROSS, husband and wife, in their individual capacities, and the marital community composed thereof, )

JAMES STEPHENSON and JANE DOE STEPHENSON, husband and wife, in their individual capacities, and the marital community composed of thereof, and JAMES STEPHENSON d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA, )

WAYNE STRIPP and JANE DOE STRIPP, husband and wife, and the marital community composed thereof, and WAYNE STRIPP d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA )

            Defendants. )

Case No. **09 2 00195** 1

COMPLAINT

COPY

AUG 27 2009

WHITMAN COUNTY CLERK

COMPLAINT
Page 1

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

COMES NOW the Plaintiff, STRATEGIC INTENT, LLC, d/b/a Palouse Falls Brewing Company, by and through its attorneys of record, AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY, and for claims against the above-named Defendants, allege as follows:

## I.

## IDENTIFICATION OF PARTIES

1.1    <u>Plaintiff LLC</u>: STRATEGIC INTENT, LLC (d/b/a Palouse Falls Brewing Company), hereinafter sometimes referred to as "STRATEGIC," is a Washington limited liability company with its principal place of business located in Pullman, Whitman County, Washington. Said Plaintiff was formed on October 21, 2008 by the sole members and managers, JEFFREY A. GREENE and MELINDA L. GREENE. Said limited liability company is, and has been, at all times material hereto in good standing with the State of Washington, and has duly paid all licenses and fees required by law in order to conduct business in the State of Washington.

Plaintiff's microbrewery business, PALOUSE FALLS BREWING COMPANY, the subject of the instant lawsuit, was formed for the primary purpose of the production, distribution and retail and wholesale sale of authentically *Irish* microbrews. In reliance on the specific representations made by Defendants as further set forth hereinbelow, Plaintiff has held itself out to its customer base, the general public and local media, the Alcohol & Tobacco and Trade Bureau for the government of the United States of America, and the government of the country of Northern Ireland, as a brewer of exclusively authentic *Irish* ales, crafted in *Ireland* with traditional *Irish* recipes and ingredients directly imported from *Ireland*.

1.2.    <u>Plaintiffs GREENE</u>. At all times material hereto, JEFFREY A. GREENE and MELINDA A. GREENE have been married, and the place of residence is, and has been, Pullman, Whitman County, Washington. Said Plaintiffs GREENE were the promoters and

COMPLAINT
Page 2

organizers of STRATEGIC. In its contract dealings with Defendants SLBC NA, STEPHENSON and STRIPP, said Plaintiffs GREENE were negotiating on behalf of themselves, in their individual capacities and as organizers or promoters, and the said limited liability company that was to be formed. Accordingly, the representations of said Defendants SLBC NA, STEPHENSON and STRIPP that were made to the Plaintiffs Greene as promoters should be deemed as having been made to STRATEGIC. The inaccuracy of the representations made by said Defendants have caused great anxiety, stress and mental anguish to the GREENES for which they should be compensated.

As used herein, where representations are alleged to have been made to STRATEGIC by SLBC NA, STEPHENSON and STRIPP, such representations were in fact made to Plaintiffs GREENE, but as promoters of a limited liability company that soon came into fruition as STRATEGIC.

As further used herein, the term "Plaintiff" standing alone shall refer to STRATEGIC, and the term "Plaintiffs GREENE" shall mean JEFFREY A. GREENE and MELINDA L. GREENE.

1.3     Corporate Defendant.     STRANGFORD LOUGH BREWING COMPANY LIMITED ("SLBC"), is a foreign corporation formed in Great Britain in the regions of Home Counties and Outer London. Its registered office and principal place of business at the time of contracting was located at 22 Shore Road, Killyleagh, Downpatrick, County Down BT30 9UE, Northern Ireland, United Kingdom. Upon information and belief, SLBC's present registered office is located in Wales of the United Kingdom at Unit E Llantrisant Business Park, Llantrisant, Rhondda Cynon Taff, Wales, CF728Lf.

SLBC is purportedly in the business of the manufacturing, supplying and distribution of *Irish* ales and brewing equipment and technology, the development of proprietary business, marketing and sales systems, and the licensing of its proprietary business systems, its Strangford Lough brand, materials and brewing equipment and technology. It is also engaged in the business of selling exclusive licensing, franchise, distribution and manufacturing rights to its craft brand *Irish* ales, proprietary SLBC business systems, brewery production technology, brands, images, trademarks, trade names and logos, pursuant to a license program and package." Such comprehensive business package includes

COMPLAINT
Page 3

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

the sale and installation of a fully automated proprietary brewing equipment capable of producing a minimum production capacity of 75,000 liters of SLBC brewed products, ongoing technical assistance in all matters pertaining to the operation of a SLBC microbrewery business, and the sale of SLBC WORT (i.e., the sugary liquid created from the first phase of brewing process) to be used exclusively by such licensed microbrewery in the production of its SLBC craft *Irish* ales.

SLBC is not licensed to do business in the state of Washington.

1.4    Defendants LITTLE.  ROBERT LITTLE, upon information and belief, is, and was at all times material hereto, a married man.  The full, true and correct name of ROBERT LITTLE's wife is presently unknown to Plaintiff and for the purposes as set forth herein, shall be referred to herein as "JANE DOE LITTLE."  Upon information and belief, Defendants LITTLE reside at 45 Ardigon Road, Killyleagh, County Down, BT30 9TB, Northern Ireland, United Kingdom.

ROBERT LITTLE is, and was, at all times material hereto, a director, officer and an equity shareholder of SLBC, holding approximately two hundred ninety nine (299) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation.

1.5    Defendants DAVIES.  ANTHONY DAVIES, upon information and belief, is, and was at all times material hereto, married to TRACEY DAVIES.  Upon information and belief, ANTHONY DAVIES and TRACEY DAVIES reside at 22 Shore Road, Killyleagh, County Down, BT30 9UE, Northern Ireland, United Kingdom.

ANTHONY DAVIES is, and was, at all times material hereto, a director, officer and equity shareholder of SLBC, holding approximately six hundred ninety nine (699) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation.  As further consideration for the performance of Plaintiff pursuant to the contract at issue herein, Defendant

1.6    Defendant ROSS.  MICHAEL ROBERT ROSS, upon information and belief, is, and was at all times material hereto, a married man.  The full, true and correct name of MICHAEL ROBERT ROSS's wife is presently unknown to Plaintiff and for the purposes as set forth herein, shall be referred to herein as "JANE DOE ROSS."  Upon information and

COMPLAINT
Page 4

belief, MICHAEL ROBERT ROSS resides at 24 Osborne Road, Tweedmouth, Berwick-Upon-Tweed TD15 2HS, England.

MICHAEL ROBERT ROSS is, and was, at all times material hereto, an equity shareholder of SLBC, holding approximately two (2) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation.

1.7 Defendants STEPHENSON, STRIPP and SLBC NA. JAMES STEPHENSON and WAYNE STRIPP, in their individual capacities and doing business as "STRANGFORD LOUGH BREWING CO.," "STRANGFORD LOUGH BREWING COMPANY NORTH AMERICA," "STRANGFORD LOUGH BREWING COMPANY," "STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA," and "STRANGFORD LOUGH BREWING COMPANY, INC. NORTH AMERICA," were the sole owners and operators of the above-named enterprises (all said enterprises are collectively referred to herein as "SLBC NA"), headquartered in Vancouver, British Columbia, Canada. All said entities above referenced in this paragraph 1.7 herein are believed to be one and the same. Upon information and belief, at all material times hereto, said individual Defendants are, and have been married, and their spouse's names are unknown. For the purposes as set forth herein, Defendant JAMES STEPHENSON's wife shall be referred to herein as "JANE DOE STEPHENSON," and together Defendant JAMES STEPHENSON and JANE DOE STEPHENSON shall be referred to herein as "Defendants STEPHENSON." Defendant WAYNE STRIPP'S wife shall be referred to herein as "JANE DOE STRIPP," and together Defendant WAYNE STRIPP and JANE DOE STRIPP shall be referred to herein as "Defendants STRIPP." The current residence addresses of said Defendants are unknown, but upon information and belief, said Defendant STEPHENSON and Defendant STRIPP are residents of British Columbia, Canada.

To Plaintiff's knowledge, SLBC NA has at no time never registered or licensed its business with any regulatory authority of any state, province or country. Prior to the contract at issue herein, SLBC NA was acquired by SLBC. Upon information and belief, at some pint prior to the contract at issue herein, SLBC NA, some or all of its assets, were acquired by SLBC, and SLBC NA no longer has a separate existence from that of SLBC.

COMPLAINT
Page 5

## II.

### JURISDICTION/VENUE

2.1    Pursuant to Washington's Long-Arm statute, RCW 4.28.185, Defendants pursued purposeful acts and business within the State of Washington, including the transactions of business in this State, and the commission of tortious acts in this State.

2.2    The State of Washington is the only jurisdiction that has the most significant relationship with the causes of action in this case. The contacts with the State of Washington include the following:

a)    All said Defendants actively targeted, advertised, pursued and solicited the business of United States citizens, including residents residence from the State of Washington and Plaintiff herein;

b)    The offers, acceptance of offers and substantial bulk of the contract negotiations occurred via e-mail, postal service or by phone, at Plaintiff's principal place of business in Washington;

c)    Defendant's misrepresentations of material facts, and deceptive and unfair trade practices as further set forth hereinbelow occurred in the State of Washington;

d)    The place of performance of the contract was in the State of Washington;

e)    The personal property in dispute is located in the State of Washington;

f)    The franchise business in dispute is located in the State of Washington; and

g)    The place of the delivery of goods was in the State of Washington;

h)    The place where the subject matter of the contract is located is in the State of Washington;

i)    The territory to which the licensing and franchise rights where to be located included the State of Washington; and

j)    The domicile, residence, nationality, place of incorporation and place of business of the Plaintiff is located in the State of Washington;

2.3    The causes of action as set forth herein are connected with, and arise from, such acts and transactions as set forth hereinabove.

2.4    All said Defendants have submitted themselves to the jurisdiction of the Washington courts, by virtue of Washington's Franchise Investment Protection Act, RCW 19.100 et.seq. and Washington's Consumer Protection Act, RCW 19.86.

2.5    With respect to Defendants SLBC, LITTLE and DAVIES, The contract at issue herein provides that should the Plaintiff pursue a cause of action against SLBC, the

COMPLAINT
Page 6

licensor, venue and jurisdiction shall be in Whitman County, Washington and the choice of law shall be United States laws.

2.6     There is no other jurisdiction that has any greater commonality of the parties' places of business and respective residences, and places of performance.  At all times material hereto, Plaintiff solely did business in the State of Washington.  SLBC engages in business internationally, throughout the United Kingdom, Europe and the North American Continent.  Both SLBC and SLBC NA actively targeted the business of U.S. citizens and were offering for sale exclusive licenses and franchises for the State of Washington territory.  Upon information and belief, Defendant SLBC no longer has its principal place of business located in Northern Ireland.  As noted herein, upon information and belief, SLBC's principal place of business is now the country of Wales, and SLBC NA has merged into SLBC.

2.7     Considering the quality, nature and extent of the activity in the State of Washington, the relative convenience of the parties, the benefits and protection of the laws of the forum state, and the basic equities dictate that the State of Washington exercise jurisdiction over all the Defendants hereto.

2.8     The contract entered into between SLBC and STRATEGIC provides for arbitration in the jurisdiction of the party requesting arbitration.  Due to the particular nature of the claims in the instant case, the available remedies in equity and in law, and the differing parties in interest herein, arbitration of the instant disputes is not appropriate.  SLBC NA, STEPHENSON, and STRIPP are not parties to the contract at issue herein, and the arbitration provision does not apply to said Defendants.  As further set forth hereinbelow, there is joint and several liability amongst all said Defendants, and the remedies requested include rescission.  Further, the nature of Plaintiff's claims extend beyond the contract issues and include claims in tort and violations under Washington's Franchise Protection Act and Consumer Protection Act.

2.9     This court has jurisdiction over the parties and of the subject matter of this action.  The laws of the State of Washington apply.

COMPLAINT
Page 7

### III.
### PIERCING THE CORPORATE VEIL

3.1    Upon information and belief, at all times material hereto, Defendant ROBERT LITTLE, ANTHONY DAVIES and MICHAEL ROBERT ROSS were the sole equity shareholders of SLBC.

3.2    Throughout its dealings with Plaintiff, and continuing to the present day, SLBC has disregarded its corporate form, and said shareholders of SLBC intentionally misused, controlled and manipulated said corporate form to accomplish fraud on their behalf and at the expense of Plaintiff. SLBC was, is and has to continued to be, used to promote fraud and illegality.

3.3    Upon information and belief, SLBC is undercapitalized. Defendants LITTLE and DAVIES' improper conduct has resulted in Plaintiff's likely inability to obtain an adequate remedy from SLBC.

3.4    Disregarding SLBC's corporate veil would promote an injustice and is necessary and required to prevent an unjustified loss to the Plaintiff.

### IV.
### BACKGROUND/OPERATIVE FACTS

4.1    Plaintiff realleges paragraphs 1.1 through 3.4 hereinabove.

4.2    As previously referenced herein, SLBC is principally engaged in the business of manufacturing, distributing, licensing and franchising its SLBC brand craft ales. , said ales purporting to be Irish ales. It owns all license, franchise, trademark and distribution rights world-wide to the Strangford Lough craft ales known as "St. Patrick's Best," "St. Patrick's Ale," "St. Patrick's Gold," "Legbiter," and "Barelegs Brew." Said beers and ales were named after historical *Irish* figures.

4.3    Prior to November, 2008, SLBC sold its said licensing, franchise, trademark, and distribution rights covering the North American territories to SLBC NA, believed to be a general partnership located in British Columbia, with its main headquarters located in Vancouver. SLBC NA held itself out to the general public, and to Plaintiff in particular, as the North American branch office of SLBC.

COMPLAINT
Page 8

4.4.    Upon acquiring th licensing and franchise rights from SLBC for the North America territories, it is believed that SLBC NA, in consult and coordination with SLBC, put together a business prospectus and a sales and marketing scheme, detailing the specifics of the licensing package to be offered to potential licensees. As further set forth hereinbelow, said business prospectus also included promotional material pertaining to the strong Irish origins and traditions of SLBC's trademark ale. The business prospectus further detailed the rich Irish history of the situs of SLBC's base operations, which said business situs was located in a place in Ireland that was strongly associated with St. Patrick, the patron Saint who brought Christianity to Ireland.

4.5    Once SLBC NA secured the licensing and franchise rights as set forth hereinabove, it actively solicited potential licensees in the United States to compete for the exclusive franchise territories. SLBC knew at the time that SLBC NA was soliciting its customer base, that SLBC NA was using a name for its operations that was almost identical to SLBC's name, and that SLBC NA was representing to the public that it was the North American branch office for SLBC.

4.6    As a part of its solicitation efforts, SLBC NA published, on the world-wide internet and other postings, a Licensee Brochure Presentation Transcript, summarizing the licensing package that was being offered for sale. SLBC NA, STEPHENSON and STRIPP knew or should have known that said publication would be received by persons and entities within the State of Washington. Upon information and belief, SLBC participated in the preparation of such licensee brochure. This brochure made specific references to a presently operational WORT processing plant located in Ireland from which Strangford Lough shipped authentically processed WORT directly from Ireland to licensee's brewery, which the licensee then processed into Strangford Lough's *Irish* beer brands.

4.7    In approximately September, 2008, SLBC NA Plaintiff responded to SLBC's web site posting of openings for potential licensees of SLBC products. In the days and weeks that followed, SLBC  NA and Plaintiff communicated regarding the various details for the start-up of such a franchise business and microbrewery in the State of Washington.

4.8    Ultimately, at the invitation of SLBC NA, Plaintiff attended on October 7, 2008, a business opportunity synopsis meeting conducted by JOHN STEPHENSON,

COMPLAINT
Page 9

WAYNE STRIPP and SLBC NA that was held in Vancouver, British Columbia. The invitation to attend this meeting was extended to Plaintiff within the State of Washington.

4.9    At the said business opportunity synopsis meeting referenced in the preceding paragraph, various oral and written statements were provided to Plaintiff regarding the *Irish* origins and traditions of the craft *Irish* ale for which the licensing, franchise, manufacturing and distribution rights were being offered. A written business prospectus was provided to the Plaintiff at said meeting. Upon information and belief, SLBC prepared, or assisted in the preparation of, said written business prospectus.

In the prospectus delivered to Plaintiff at the meeting, there were more than twenty references to the *Irish* origins and traditions of the SLBC's trademark craft ale and SLBC's base of operations. The prospectus represented that SLBC's business operations were located in a place that was strongly associated with St. Patrick, the patron saint who brought Christianity to *Ireland*. It further made reference to a fully operational SLBC WORT processing plant located in Ireland, equipped to make necessary shipments of authentically produced *Irish* WORT, crafted from *Irish* recipes and *Irish* ingredients, including "shamrock." The various representations as to the *Irish* origins of SLBC's beer and its base operations are more fully set forth in Article VI hereinbelow.

4.10    In approximately November, 2008, SLBC re-acquired all rights it originally sold to SLBC NA, and merged its business operations with SLBC's main headquarters in Killyleagh, County Down, Northern Ireland, United Kingdom. Part of the proprietary assets it received in the transaction, included SLBC NA's business promotional material, including the above business prospectus provided to Plaintiff, and SLBC NA's business concepts and marketing strategies. Plaintiff was informed that nothing had changed as a result of the change in the organization of SLBC and SLBC NA. In fact, SLBC continued to use, and still continues to use, an almost identical business prospectus as that used by SLBC NA in its initial dealings with Plaintiff. Further, to Plaintiff's knowledge, the Licensee Brochure Presentation Transcript is one and the same as the Licensee Brochure Presentation Transcript referenced in paragraph 4.6 hereinabove and to which Plaintiff originally responded in its initial dealings with SLBC NA.

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

4.11    At such time as SLBC acquired the business and assets of SLBC NA, or at such earlier time while SLBC and SLBC NA were still a part of the joint franchise arrangement, SLBC was using, interchangeably with its own corporate name, STRANGFORD LOUGH BREWING COMPANY LIMITED, SLBC NA's business name, "STRANGFORD LOUGH BREWING CO."

4.12    SLBC ratified and adopted all, or nearly all, of the representations that SLBC NA had made to Plaintiff as set forth hereinabove, or otherwise remained silent as to the accuracy of the representations when questioned by Plaintiff.

4.13    Throughout the process of the contract negotiations, SLBC continued to emphasize the *Irish* origins and traditions of its WORT production facility.  SLBC stressed to Plaintiff that the *Irish* connection was a material factor in differentiating their product from other non-*Irish* microbrews, as there were an overwhelming amount of Irish descendants living in America who strongly preferred *Irish* ales.  SLBC further stressed the increased profitability that would be achieved in Plaintiff's microbrewery business, due to its ability to provide, at reduced costs, its own advanced WORT supply.

4.14    On many occasions, Plaintiff conveyed to SLBC the paramount significance of this *Irish* connection.  SLBC assured Plaintiff that all of the ingredients used to make the advanced WORT, except the water, were grown and produced in Ireland.  Plaintiff had many questions regarding the WORT processing plant in Ireland.  Defendant deflected inquiries and failed to directly answer these inquiries.  At one point when Plaintiff suggested that it be accorded a tour of the WORT processing plant in Ireland, Plaintiff was encouraged, instead, to visit SLBC in New York City where SLBC could arrange for another tasting of SLBC brand ales.  At no time did SLBC advise Plaintiff that, in actuality, there was no such functioning SLBC WORT plant located in Ireland or elsewhere.

4.15    On or about November 24, 2008, SLBC and Plaintiff entered into an Exclusive Microbrewery License, Equipment, and Wort Supply Agreement.  Pursuant to the terms of said contract, SLBC was to provide to Plaintiff at the cost of $330,000.00 all the brewery equipment necessary in order to implement a fully operational Microbrewery with a monthly minimum production capacity of 75,000 liters of SLBC brewed products.  Said equipment was to be ready for shipment to Plaintiff's place of business on or before January

COMPLAINT
Page 11

9, 2009. Within fourteen (14) days after the arrival of the equipment, SLBC was to have fully operational and commissioned Microbrewery. The first batch of product was to be brewed, bottled and kegged under SLBC supervision not later than twenty-one (21) days after delivery of the said brewery equipment to Plaintiff.

4.16   In addition, the contract provided for licensing rights to use all propriety SLBC systems, equipment and technology, brands, and trademarks, all of which would be supplied to Plaintiff by SLBC for its use in the exclusive territories of Washington, California, Idaho and Oregon. The contract further provided for exclusive manufacturing rights of SLBC products in the state of Washington, and exclusive distribution rights in Washington, California, Idaho and Oregon. Plaintiff was accorded first rights of refusal to said licensing, manufacturing rights to other territories. Said license term was to commence on March 1, 2009. In consideration of said licensing rights, Plaintiff agreed to pay the sum of $50,000.00 for the first annual term, and $18,000.00 for each annual term thereafter.

4.17   On the date of the execution of the contract, and in accordance therewith, Plaintiff wired money to SLBC in the amount of $50,000.00 for the license fee and $82,500.00 for the first equipment installment payment.

4.18   On or about December 23, 2008, SLBC confirmed that all of the equipment that was to be delivered under the contract had been inspected and was in satisfactory condition. As such, and pursuant to the contract, Plaintiff immediately wired money to SLBC in the amount of $165,000.00, representing the second of the three equipment installment payments that were required under the contract.

4.19   During the period of January 18, 2009 through approximately April 9, 2009, the substantial majority of the brewing equipment was delivered to Plaintiff's microbrewery. On approximately April 30, 2009, SLBC commenced the equipment installation.

4.20   In the months that followed, there were numerous equipment failures. Most of the equipment defects did not come to light until months later when SLBC attempted to commission the same. Some of the equipment that was delivered did not conform to the terms of the contract. For instance, a used bottle capping machine of a different brand than what was represented to Plaintiff was supplied to Plaintiff and it was faulty. A twenty-four spout bottler rinser was specified under the contract and a four spout bottle rinser had been

COMPLAINT
Page 12

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

supplied. There were significant problems with the cooling jacket insulation and the glycol chiller compressor that significantly compromised the quality of the brewed products. Attempts were made to fix these problems but they still remain unresolved. There were numerous items of equipment that were required to be provided in order to efficiently operate the microbrewery which were not provided and continue to remain unprovided. All of said delays, equipment failures, equipment procurement issues and non-conforming items caused Plaintiff considerable delays, loss of productivity and profits, and damage to Plaintiff's sample brews, brewing inventory and supplies. These problems and issues continue to remain to the present date.

4.21    The contract provided that SLBC was to provide Plaintiff with SLBC's own ADVANCED WORT shipped directly from Ireland to Plaintiff's place of business no later than February 1, 2009, provided that Plaintiff's initial order of WORT was to be received by SLBC no later than December 20, 2008. On or about May 20, 2009, Plaintiff received from SLBC the initial malt extract used in the production of WORT. This was only a small sampling of that which had been ordered in January, 2009, and said WORT was not in conformity with the contract requirements. The malt extract was not produced by SLBC. In fact, it was produced by an independent malt manufacturer in Scotland using said malt manufacturer's own recipes and ingredients. None of the ingredients were of *Irish* origin. The WORT was not ADVANCED WORT as contracted. The WORT could not replicate the authenticity of the *Irish* recipe, and the WORT, as brewed, could not and did not replicate SLBC's craft ales. As the WORT supply is not manufactured in-house by SLBC, the cost of the malt extract supplied is greater than represented by SLBC.

4.22    Throughout SLBC's attempts at performance under the contract at issue herein, Defendant repeatedly represented to Plaintiff that its WORT processing plant would be fully operational in the very near future. Plaintiff relied on these representations in going forward with the contract. As a part of the bottle labeling process, SLBC's counsel worked with SLBC and Plaintiff in order to design uniform labels for all SLBC brand brews. Throughout this process, SLBC insisted that the labels carry appropriate references to the *Irish* origins of the beer, and the *Irish* ingredients used to make the beer. After an approximate three month period, the Alcohol & Tobacco and Trade Bureau of the Federal

COMPLAINT
Page 13

Government approved the SLBC brand labels that made reference to the beer having been "crafted in Ireland" from ingredients "imported" from Ireland.

4.23    Unless or until SLBC has a fully functioning and operational WORT processing plant in Ireland and the ingredients used to produce such WORT originate from Ireland, the said SLBC brand labels referenced in the preceding paragraph are inaccurate and misleading and cannot be used. Plaintiff is not permitted to use labels that SLBC does not approve, and the SLBC labels are required to be uniform. Until such time as this issue has been corrected, Plaintiff is unable to market any SLBC beer that may be brewed at its facility, thereby causing further delay and damage to Plaintiff's business.

4.24    As a result of said failures of performance on the part of SLBC, Plaintiff has incurred, and continues to incur, substantial out-of-pocket expenses. SLBC agreed to promptly reimburse Plaintiff for the same, but despite said promises, said amounts remain unpaid and continue to remain outstanding.

4.25    Plaintiff has previously presented and delivered in the manner required by law a written Notification/Cure Letter to Defendant. The delivery of said Notification/Cure Letter was also in accordance with the Notice provisions of the contract. Many of the defaults specified in said letter have not been corrected. SLBC has indicated to Plaintiff that some of the defaults cannot be corrected, it has no intention of correcting others, some defaults Plaintiff will have to work around, and some of the defaults may be remedied in the future but with no clear indication as to how and when.

4.26    Over thirty (30) days have elapsed since the time of the delivery of said Notification/Cure letter and it is proper to maintain this action.

4.27    Plaintiff has now been advised by Defendant that the SLBC labels shall now also be affixed to the neck of the beer bottles and additional changes need to be made to the main body label. The bottle labeling equipment supplied by SLBC to Plaintiff is not capable of applying neck labels to the bottles

4.28    Since SLBC has received the Notification/Cure letter noted above, SLBC has offered to independent brewers in the United States the opportunities to manufacture and distribute SLBC ales in various other territories that are not included in Plaintiff's licensing agreement. These territories are included as a part of Plaintiff's first refusal rights as further

COMPLAINT
Page 14

set forth in paragraph 4.15 hereinabove. SLBC has not received Plaintiff's consent to make these offers, and Plaintiff has not been accorded the opportunity to assert its first refusal rights regarding these offers.

4.29    Plaintiff's microbrewery continues to remain in a state of disrepair and is not capable of production. Even under SLBC's direct supervision, the test brews do not resemble the SLBC brands. The product brewed from this WORT is not and cannot be *Irish*.

## V.

## SLBC IS A SUCCESSOR IN INTEREST TO SLBC NA AND IS BOUND BY THE ACTS, CONDUCT AND REPRESENTATIONS OF SLBC NA/JOINT AND SEVERAL LIABILITY

5.1.    Plaintiff realleges paragraphs 1.1 through 4.29 hereinabove.

5.2    "Strangford Lough Brewing Company Limited" and "Strangford Lough Brewing Co." are in engaged in the same business enterprise and the names are deceptively similar. SLBC was aware that SLBC NA was claiming to be the North American office of SLBC, and SLBC used the name of SLBC NA in its business dealings with licensees.

5.3    SLBC acquired all rights to the property and assets of SLBC NA and has merged its operations as a part of its own operations.

5.4    SLBC was aware of the false and misleading representations SLBC NA made to Plaintiff during the contract negotiations, and in fact acquired the business prospectus and promotional material from SLBC NA that SLBC NA used as a part of its solicitation efforts towards Plaintiff. It has since used said materials in its own business dealings with potential licensees, and has accepted, confirmed and ratified said false and misleading representations.

5.5    SLBC was a willing participant in a scheme or artifice that was designed to deceive Plaintiff and others, and knew that Plaintiff believed the truth and accuracy of said representations that were made as an inducement to enter into the contract. Plaintiff was entitled to rely on said representations and did so rely.

5.6    SLBC is a successor-in-interest to SLBC NA and is bound by the representations made by its said predecessor-in-interest.

COMPLAINT
Page 15

AITKEN, SCHAUBLE, PATRICK, NEILL.
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

5.7    All said Defendants as set forth herein either acted in concert to harm the Plaintiff, or acted independently of each other but caused indivisible harm by their tortious conduct; therefore, each said Defendant is jointly and severally liable for all damages sustained by Plaintiff.

## VI.

## CAUSE OF ACTION AGAINST DEFENDANTS STEPHENSON, STRIPP AND SLBC NA, FOR FRAUD/NEGLIGENT MISREPRESENTATION

6.1    Plaintiff realleges paragraphs l.11 through 5.7 hereinabove.

6.2    During the approximate period of late September, 2008, through approximately October 20, 2008, JAMES STEPHENSON and WAYNE STRIPP, in their individual capacities and doing business for SLBC NA, owned all licensing, franchise, marketing, manufacturing and distribution rights to SLBC'S brand ale, proprietary business systems and trademarks and logos in the North American territories.   In an effort to secure Plaintiff as a potential licensee for the territories of Washington, California, Idaho and Oregon, said parties intentionally or negligently made a series of repeated verbal and written material misrepresentations of fact, under circumstances which entitled Plaintiff to rely thereon and upon which Plaintiff did, in fact, rely upon its contract negotiations with SLBC NA and its subsequent agreement to enter into said licensing agreement with SLBC.

6.3    The material misstatement of facts as set forth hereinabove included the following representations:

    a)    SLBC NA was the North American branch office of SLBC;

    b)    SLBC had a true and legitimate business presence located in Killyleagh, County Down, Northern Ireland;

    c)    SLBC, had a fully operational WORT processing facility located in Killyleagh, County Down, Northern Ireland;

    d)    SLBC'S WORT processing plant was capable of shipping, directly from Ireland, the necessary WORT supply to Plaintiff;

    e)    SLBC directly manufactured and brewed, from its own facilities located in Ireland, and under SLBC's direct supervision and control, the SLBC brand craft ale;

    f)    The recipes for SLBC craft ales came from traditional and time honored *Irish* recipes, which recipes stemmed back some one thousand (1,000) years ago;

COMPLAINT
Page 16

g)  That the ingredients that were used to make the WORT, including the "shamrock," was grown and produced locally in Ireland;

h)  The WORT that would be supplied to Plaintiff would be authentically produced in Ireland and directly shipped from SLBC's own processing plant in Ireland;

6.4.  Said Defendants had a duty of care to Plaintiff to accurately represent the material elements of the contemplated transaction and the comprehensive business, licensing and franchise or sub-franchise package it was offering for sale.

6.5  The representations were material to Plaintiff's contract negotiations and its ultimate decision to enter into the subject contract with SLBC. All said representations as set forth hereinabove were false. Said Defendants knew or should have known that the representations as set forth herein were false, or that they were ignorant of the truth of said representations, and they intended that Plaintiff would act upon said representations in reliance thereon. Plaintiff was not aware, at any time material hereto, that said representations were false, and it relied on the truth of the representations made. Plaintiff would not have entered into the contract at issue herein had it known that said representations were not true. Plaintiff had a right to rely on the stated representations and suffered consequent damage as a result thereof.

6.6  As a proximate result of said intentional or negligent misrepresentations as set forth hereinabove, and the breaches of said Defendants' duty to Plaintiff herein, Plaintiff entered into the contract at issue herein under false pretenses and suffered the said damages as a result thereof as more particularly set forth in Article XIII hereinbelow.

## VII.

## CAUSE OF ACTION AGAINST SLBC, DEFENDANTS LITTLE AND DAVIES FOR FRAUD/NEGLIGENT MATERIAL MISREPRESENTATIONS IN THE INDUCEMENT OF THE CONTRACT

7.1  Plaintiff realleges paragraphs 1.1 through 6.6 hereinabove.

7.2  SLBC knew or should have been aware of the material misrepresentations of fact as more specifically set forth in Article VI hereinabove that were repeatedly communicated to Plaintiff in written and oral form throughout the contract negotiations. It

COMPLAINT
Page 17

continued to use, and still continues to use, the promotional literature, business prospectus, business concepts and licensee brochure presentation transcripts of SLBC NA under its own copyright and name and at no time, until recently, did it attempt to distance itself from said representations or correct the misinformation provided to Plaintiff.

    7.3    Defendants SLBC, ROBERT LITTLE and ANTHONY DAVIES, in addition to those representations as set forth in the business prospectus and Licensee Brochure Presentation Transcript as set forth herein, on repeated occasions and prior to contracting, directly stated or purposely led Plaintiff to believe by their statements or silence that certain misrepresentations of material fact were true.  Said material misrepresentations include the following:

    a)    SLBC, had a fully operational WORT processing facility and brewery located in Ireland;

    b)    SLBC'S WORT processing plant was capable of immediately shipping, directly from Ireland, the necessary WORT supply to Plaintiff;

    c)    SLBC directly manufactured and brewed, from its own facilities located in Ireland, and under its direct supervision and control, SLBC brand craft ale;

    d)    The sample beer under the SLBC brands Plaintiff tasted prior to contracting, and for which it was to replicate, were directly brewed by SLBC from its own facilities located in Ireland;

    e)    The recipes for SLBC craft ales came from traditional and time honored *Irish* recipes that SLBC owned;

    f)    That all the ingredients that were used to make the WORT, except the water, was grown and produced locally in Ireland;

    g)    The WORT that would be supplied to Plaintiff would be authentically produced in Ireland and directly shipped from SLBC's own processing plant in Ireland;

    h)    The SLBC WORT used to make SLBC brand craft *Irish* ales came from a consistent source and recipe;

    i)    The WORT to be supplied to Plaintiff as a part of the contract would come from the same recipe and WORT supply as used to make all other SLBC brands, including the sample ales Plaintiff had tasted prior to contracting;

    j)    The WORT to be supplied to Plaintiff as a part of the contract would come from SLBC's own processing plant in Ireland from the local *Irish* ingredients noted above, using traditional and time-honored *Irish* recipes and *Irish* brewing traditions directly supervised by SLBC;

COMPLAINT
Page 18

k)    The beers that Plaintiff would produce would be of the same color, consistency, taste, and quality of the SLBC ales purportedly brewed in Ireland by SLBC;

l)    Plaintiff's microbrewery equipment would be delivered and fully operational within two months from contracting;

m)    Plaintiff's microbrewery would be fully operational and capable of brewing a monthly minimum production capacity of 75,000 liters of SLBC brewed products within three months from the date of contracting.

7.4    The representations made by SLBC, ROBERT LITTLE and ANTHONY DAVIES to Plaintiff as set forth in paragraph 7.3 hereinabove were material to Plaintiff's decision to enter into the subject contract with SLBC and they were all false. Said Defendants knew or should have known that the representations as set forth herein were false, and they intended that Plaintiff would act upon said representations. Plaintiff was not aware at the time of contracting that said representations were false, and it relied on the truth of the representations made. Plaintiff would not have entered into the contract at issue herein had it known that said representations were not true. Plaintiff had a right to rely on the stated representations and suffered consequent damages as a result thereof.

7.5    In its business negotiations with Plaintiff, said Defendants had a duty to Plaintiff to provide accurate and reliable information to Plaintiff from which it could make a reasonable informed decision as to the merits and risks of the instant contract. Defendant breached its said duty to Plaintiff, and as a proximate cause thereof, Plaintiff has been damaged as further set forth in Article XIII hereinbelow.

7.6    Further, as a result of said fraud in the inducement of the contract, Plaintiff is entitled to an election of remedies for rescission of the contract, abatement of the purchase price, or damages equal to the difference between the actual value of the performance that was received by Plaintiff and the value of the performance promised.

# VIII
## UNILATERAL MISTAKE

8.1.    Plaintiff realleges paragraph 1.1 through 7.6 hereinabove.

COMPLAINT
Page 19

8.2    At the time of contracting, Plaintiff was mistaken as to material elements of the contract. Plaintiff believed that SLBC had a currently operational WORT processing plant and brewery located in Ireland from which it manufactured authentic *Irish* ales and WORT products, using *Irish* ingredients using and traditional and time-honored *Irish* recipes and *Irish* brewing traditions directly supervised by SLBC. It further believed that the *Irish* recipes to which SLBC made claim to were owned by SLBC and could be replicated by Plaintiff on the basis of the SLBC WORT supplied to Plaintiff. It believed that the beer that it contracted to replicate came from such recipe, and that there was a consistency in taste and quality amongst all SLBC brand ales. It further believed that SLBC could provide the necessary WORT to produce a minimum of 75,000 liters of SLBC beer on a monthly basis, and that microbrewery would be fully operational and manufacturing SLBC beer within three months from the date of contracting, coincident with when the licensing term period was to commence.

8.3.    The true facts, however, were that SLBC at no time prior, and at no time since contracting, had its own WORT processing plant located in Ireland or elsewhere. In fact, it had limited business presence in Ireland, if at all. SLBC had not, and to this date never has, independently brewed its own beers. The sample beers to which Plaintiff tested were in fact contract-brewed from a Scottish or English brewery with ingredients that came from many places other than Ireland. The SLBC recipe was not authentic. It was remotely replicated from other popular *Irish* beer brands and could not be replicated by SLBC without the same ingredients, recipes and malt. SLBC, ROBERT LITTLE and ANTHONY DAVIES knew that any WORT to be supplied would be resourced from independent malt manufacturers outside Ireland, using said malt manufacturer's own ingredients and recipes. SLBC, ROBERT LITTLE and ANTHONY DAVIES knew that there was no SLBC WORT processing plant capable of filling the Plaintiff's orders. In essence, the SLBC ales were not, in any sense, of *Irish* origin and could not be replicated by Plaintiff even under SLBC's direct supervision.

8.4    Plaintiff's mistaken beliefs were well known to SLBC and were, in fact perpetrated by SLBC, ROBERT LITTLE and ANTHONY DAVIES, but said Defendants failed to disclose to Plaintiff that the same were not true.

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

8.5    Plaintiff acted in good faith, and once learning the true state of the facts, made all reasonable efforts for Defendants to bring its performance in conformity with the representations of SLBC and the reasonable expectations of Plaintiff.

8.6    A recission of the contract is an appropriate remedy to avoid a substantial detriment to Plaintiff and it works no substantial hardship to said Defendants.

## IX.

### CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF FRANCHISE PROTECTION ACT BREACH OF CONTRACT/ UNIFORM COMMERCIAL CODE

9.1    Plaintiff realleges paragraphs 1.1 through 8.6 hereinabove.

9.2    The licencing contract at issue herein initially offered to Plaintiff by Defendants SLBC NA, JAMES STEPHENSON and WAYNE STRIPP, and ultimately entered into between Plaintiff and SLBC, pertained to the distribution of goods under a marketing plan prescribed or suggested in substantial part by SLBC.  Said marketing plan included marketing strategies, access to SLBC marketing materials, volume buying power, profit and productivity information, and proven sales information.  The licensing package also included access to advice, consultation and technical assistance pertaining to required uniform trademark labeling requirements, promotional materials, the operation and management of a microbrewery.  The licensing program pertained to exclusive locations and labels, brand name recognition and trademark protection, tested marketing techniques, pre-established customer bases, assistance in a fast-tracked process for federal and state licensing and permits.  It also included a pre-sale portion of beer production from SLBC's list of contacts.

9.3    The operation of Plaintiff's business under said licensing contract was substantially associated with the SLBC trademark, trade name, logo, advertising and commercial symbol designating, owned by, or licensed by SLBC.

9.4.    Plaintiff paid, and was required to pay, a franchise fee in a lump sum for each year of the franchise.  For an additional sum and under other terms and conditions, Plaintiff

COMPLAINT
Page 21

was given a first right of refusal for licensing and franchise rights for the territories of California, Idaho and Oregon.

9.5    The transactions as set forth herein were not isolated transactions, as said Defendants were engaged in the business of selling licensing and franchise rights.

9.6    The transactions as set forth herein constitute sales or offers to sell a franchise or subfranchise in the State of Washington and are governed by Washington's Franchise Protection Act, RCW 19.100 et.seq. Pursuant to said Act, SLBC is a "Franchisor" and SLBC NA was a "SubFranchisor."

9.7    No said Defendant named herein at any times material hereto properly registered their offers with the State of Washington.

9.8    All said Defendants herein in connection with the offer or sale of said franchise or sub-franchise, as the case may be, performed the following acts constituting misrepresentations under the Franchise Protection Act:

   a)    Made, by way of written and oral communications, untrue statements of material facts, and omitted to state material facts necessary in order to make the statements that were made, in light of the circumstances under which they were made, not misleading;

   b)    Employed a scheme or artifice to defraud the Plaintiff; and

   c)    Engaged in an act, practice, or course of business which operated or would operate as a fraud or deceit upon the Plaintiff.

9.9    As a result of conduct and failures of Defendants, Plaintiff has suffered, and shall continue to suffer, damages as further set forth in Article XIII hereinbelow, and is entitled herein to an award of up to treble the actual damages sustained, plus costs and attorneys fees, or in the alternative, for a rescission of the contract.


# X.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF CONSUMER PROTECTION ACT/UNFAIR COMPETITION/FALSE ADVERTISING

10.1    Plaintiff realleges paragraph 1.1 through 9.9 hereinabove.

COMPLAINT
Page 22

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

10.2    The acts and misconduct as set forth hereinabove constitutes false advertising and unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce pursuant Washington Consumer Protection Act, RCW 19.86 et. seq.

10.3    The acts and conduct of the Defendants as set forth herein involve a franchise business which the Legislature, pursuant to the Franchise Protection Act, has declared to be affected by the public interest.

10.4    Pursuant to Washington's said Consumer Protection Act, Plaintiff is entitled to seek injunctive relief to enjoin further violations, recover up to treble the amount of actual damages sustained, and a discretionary award of costs and attorneys fees.

10.5    Plaintiff's actual damages for breaches as set forth herein are more specifically set forth in Article XIII hereinbelow.

## XI.

## CAUSE OF ACTION AGAINST SLBC, DEFENDANTS LITTLE AND DAVIES FOR BREACH OF CONTRACT/UNIFORM COMMERCIAL CODE/EXPRESS AND IMPLIED WARRANTIES

11.1    Plaintiff realleges paragraphs 1.1 through 10.5 hereinabove.

11.2    The contract at issue herein involves the commercial sale of specific goods and services and is governed by the Uniform Commercial Code, Article 2.

11.3    Pursuant to the contract at issue herein, SLBC was to provide to Plaintiff all the brewery equipment necessary in order to provide a "turnkey" microbrewery operation, capable of producing the monthly capacity of SLBC brewed beer as further set forth in paragraph 4.14 hereinabove.

11.4    Plaintiff relied on Defendant's superior knowledge and skill to determine what equipment and accessories would be necessary for the efficient operation of such a microbrewery.

11.5    Pursuant to the contract, SLBC expressly warranted for a period of one year all of the equipment provided and its workmanship.  Further, SLBC was a merchant with respect to the particular goods sold.  As such, with respect to said equipment sold under the

COMPLAINT
Page 23

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

contract, SLBC made implied warranties of merchantability and implied warranties of fitness for a particular purpose.

    11.6    As set forth in Article IV hereinabove, there were numerous breaches of performance on SLBC's part that pertained to equipment procurement, equipment defects, non-conforming equipment and equipment delays. Plaintiff has accorded SLBC ample opportunity to cure said defaults. Notwithstanding, these issues persist to the instant date and include, amongst other items, the following defective equipment or necessary items that are required for the efficient operation of the microbrewery:

    a)    Non-conforming or defective bottle capping machine;

    b)    Defective chiller/glycol system;

    c)    Defective cooling jackets on the bottom of the Bright Beer tank;

    d)    Defective Kegging equipment;

    e)    Broken housing on the spare pump;

    f)    Non-conforming bottle rinser;

    g)    Lacking Carbon dioxide regulators for the bright beer tank, bottle filler and keg filler;

    h)    Lacking Mother carton sealer;

    i)    Lacking Calibrated site glass for the liquid level on the hot liquor tank and dissolving vessel;

    j)    Lacking adequate work surface for the bottle transfer from pallets to the bottle labeling machine;

    k)    Lacking adequate work surface for the bottle transfer from the sanitizer to the bottle filler;

    l)    Lacking adequate work surface for the bottle transfer from bottle capper to the carrier and mother carton packing;

    m)    Lacking heating element for the kegging equipment;

    n)    A method for pressurizing the product to the bottle filler is lacking;

    o)    A matching receptacle and plug for the kegging machine product pump is lacking;

    p)    A hose connection and undamaged fan cover for the concentrate pump.

    11.7    In addition to the above breaches of performance and express and implied warranties, Defendant has breached its performance under the contract by failing to fulfill the necessary advance WORT supply orders required by Plaintiff. It has further deprived Plaintiff of the benefit of its bargain regarding its licensing rights, as the licensing term is to expire on April 30, 2010 and Plaintiff is still unable to manufacture the brewed products.

COMPLAINT
Page 24

11.8    The contract at issue herein contains provisions setting forth that the SLBC WORT to be supplied to Plaintiff was to be made by SLBC in Ireland.  The contract further states that SLBC would provide the necessary technical assistance in order that Plaintiff's brewed product would be of the same color, consistency, taste and quality as if such brewed products had been brewed in Ireland by SLBC.  SLBC's failure to have an operating WORT processing plant in Ireland is a substantial breach of the contract.

11.9    SLBC has been, and continues to be, unable to replicate the color, consistency, taste and quality of its own SLBC brands at Plaintiff's microbrewery.  This was the gravamen of the contract and constitutes a material breach thereof.

11.10    As a result of said breaches in performance and breaches of express and implied warranties, Plaintiff has suffered, and continues to suffer, damages as further set forth in Article XIII hereinbelow.

## XII

## PERSONAL GUARANTEE OF ROBERT LITTLE AND ANTHONY DAVIES

12.1    Plaintiff realleges paragraphs 1.1 through 11.10 hereinabove.

12.2    According to the contract at issue herein, all equipment that was to be provided to Plaintiff under the terms of the Contract were to be free and clear of any liens or encumbrances.

12.3    As further consideration for the performance of Plaintiff pursuant to the contract at issue herein, Defendants ROBERT LITTLE and ANTHONY DAVIES signed a personal guarantee, thereby guaranteeing that all equipment as provided for and referenced in the contract was unencumbered and free of all mortgages, charges and liens.

12.4    Confirmation that said equipment provided was free and clear of liens was to be provided by Defendants.  To this date, Plaintiff has received no documentation or written confirmation that said equipment provided is free and clear of liens or encumbrances.

12.5    Pursuant to Article XIII hereinbelow, materials and services have been provided on Plaintiff's leasehold premises which continue to remain unpaid.  Said services were secured by SLBC in part to install or remedy defects in the equipment provided by SLBC.

COMPLAINT
Page 25

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

12.6    Unless SLBC fully satisfies these claims, said service providers and materialmen are entitled to pursue lienhold rights as against Plaintiff's equipment and lienhold improvements.

12.7    Defendants Little and Davies are personally liable under said guarantee for any said defects in title or lienhold encumbrances on said equipment.

# XIII.

## DAMAGES

13.1    Plaintiff realleges paragraphs 1.1 through 12.7 hereinabove.

13.2    Plaintiff has incurred out-of-pocket for the equipment, purchase installments and the initial licensing fee in the following amounts:

| | | |
|---|---|---|
| a) | SLBC license fee | $50,000.00 |
| b) | SLBC purchase price installments | $247,500.00 |
| | | **$297,500.00** |

13.3    Plaintiff has incurred, and shall continue to incur, costs associated with the lease and leasehold improvements made necessary in anticipation of the performance of SLBC under the contract. These costs and expenses include the following:

| | | |
|---|---|---|
| a) | Costs for building improvements | $91,000.00 |
| b) | Miscellaneous equipment costs | $22,000.00 |
| c) | Facility Lease (52 months @ $3,000.00/mo.) | $156,000.00 |
| d) | Utilities (3/09 - 7/09) | $2,813.66 |
| e) | Inventory | $11,745.00 |
| f) | Operating Supplies | $1,500.00 |
| | | **$285,505.66** |

COMPLAINT
Page 26

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

13.4    Plaintiff has advanced and incurred to date the following out-of-pocket expenses that were the responsibility of SLBC in SLBC's performance of its duties under the contract:

| | | |
|---|---|---|
| a) | Necessary supplies, parts, equipment, inventory and rentals | $4,895.54 |
| b) | Construction and installation | $3,344.01 |
| c) | Duty/shipping/handling for equipment and product delivery | $2,579.45 |
| d) | Transportation and mileage | $110.00 |
| | | $10,929.00 |

13.5    The following is a list of contractors hired by SLBC to perform SLBC's duties at the microbrewery location who continue to remain unpaid and for which Plaintiff may likely be held responsible to pay in order to keep the property in which said equipment is located free from mechanic's and materialmen's liens:

| | | |
|---|---|---|
| a) | Strom Electric | $12,756.01 |
| b) | Ken Paulson Plumbing | $2,181.43 |
| c) | All Fabrication & Supply, LLC | $1,458.49 |
| d) | Power Science Engineering | $1,818.00 |
| | | $18,213.93 |

13.6    As a result of the various equipment failures caused by SLBC, Plaintiff has further loss to its product and inventory, in the approximate amount of $1,000.00.

13.7    As a result of Defendant's misrepresentations concerning the *Irish* origins of the WORT supply and the ingredients used in connection therewith, Plaintiff has suffered out-of-pocket expenses for unusable labels, keg collars and accompanying carrying cases and accessories in the approximate amount of $1,400.00.

13.8    As a result of the acts, conducts, breaches and violations as set forth hereinabove, Plaintiff has been damaged in an amount equal to the difference between the

COMPLAINT
Page 27

value of the property and performance that was promised by SLBC to the Plaintiff and the actual value of the property and performance that was actually received by the Plaintiff (i.e., "the benefit of the bargain"), plus damages for loss of time and income, inconvenience, and other general damages, all which said damages shall be proven at trial.

13.9   As a result of the inaccuracies of the representations made by Defendants SLBC NA, STEPHENSON and Stripp to Plaintiffs GREENE, the GREENES have suffered anxiety, stress and mental anguish in an amount to be proven at trial.

WHEREFORE, Plaintiff, STRATEGIC INTENTS, LLC, prays for the following relief:

1.   For rescission of the contract with SLBC, and a recovery of out-of-pocket expenses incurred herein and to be continue to incur herein, in order to place Plaintiff in the same situation as it was before it contract with Defendants.

2.   In the alternative to rescission, for treble the losses and out of pocket damages sustained by Plaintiff as set forth herein and in the further amounts to be proven at trial.

3.   For injunctive relief enjoining SLBC from participating in such other and further acts of deceptive and unfair trade practices in the State of Washington;

4.   For damages in favor of STRATEGIC and against all Defendants in an amount to be proven at trial for loss of profits anticipated under the benefit of the bargain Plaintiff had anticipated had SLBC's performance been in conformity with its representations in the inducement of the contract and the actual contract terms;

5.   For general damages in favor of STRATEGIC and against all Defendants in an amount to be proven at trial for loss of time and income, inconvenience, and other general damages.

6.   In the alternative to damages for lost profits and the "benefit of the bargain," for a lien in favor of STRATEGIC on and against the contract property in Plaintiff's possession, for costs and additional purchase amounts to cover the substitution of non-conforming goods and for recoupment of the purchase price sums remaining due and owing, plus incidental damages and consequential damages;

COMPLAINT
Page 28

7.     For a judgment in favor of STRATEGIC against all said Defendants for costs and reasonable attorneys fees arising out of the institution and prosecution of these proceedings;

8.     For a judgment in favor of Plaintiffs GREENE as against Defendants SLBC NA, STEPHENSON AND STRIPP for damages as a result of anxiety, stress and mental anguish proximately caused by said Defendants' false and misleading representations in an amount to be proven at trial.

9.     For such other relief as the court deems fitting and proper.

DATED this ⟂⟂ day of August, 2009.

AITKEN, SCHAUBLE, PATRICK,
NEILL, RUFF & SHIRLEY

By: _____
Linda Schauble-Ruff, WSBA # 014707
    Of Attorneys for Plaintiff
165 Kamiaken Street, Suite 210
P.O. Box 307
Pullman, WA 99163
(509) 334-3505

COMPLAINT
Page 29

STATE OF WASHINGTON )
                      : ss.
County of Whitman    )

    JEFFREY A. GREENE and MELINDA L. GREENE, Managers, of STRATEGIC INTENT, LLC, being first duly sworn, depose and say as follows: We are the Managers of STRATEGIC INTENT, LLC, the Plaintiff named in the above and foregoing complaint. We have read said complaint, know the contents thereof and believe the same to be true.

_____
JEFFREY A. GREENE.

_____
MELINDA L. GREENE

    SUBSCRIBED and SWORN to before me by Jeffrey A. Greene and Melinda L. Greene this 27 day of August, 2009.

_____
Linda Schauble-Ruff
Notary Public in and for the State
of Washington residing at Spokane
My commission expires: 11/17/2010





COMPLAINT
Page 30

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

**COPY**

SEP 0 4 2009

WHITMAN COUNTY CLERK

## SUPERIOR COURT OF WASHINGTON
## IN AND FOR WHITMAN COUNTY

STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company,

JEFFREY A. GREENE and MELINDA L. GREENE, husband and wife, in their individual capacities, and the marital community composed thereof,

            Plaintiffs,

v.

STRANGFORD LOUGH BREWING COMPANY LIMITED, a United Kingdom Corporation for the regions of Home Counties and Outer London,

ROBERT LITTLE and JANE DOE LITTLE, husband and wife, in their individual capacities, and the marital community composed thereof,

ANTHONY DAVIES and TRACEY DAVIES, husband and wife, in their individual capacities, and the marital community composed thereof,

MICHAEL STANLEY ROSS and JANE DOE ROSS, husband and wife, in their individual capacities, and the marital community composed thereof,

JAMES STEPHENSON and JANE DOE STEPHENSON, husband and wife, in their individual capacities, and the marital community composed of thereof, and JAMES STEPHENSON d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA,

WAYNE STRIPP and JANE DOE STRIPP, husband and wife, and the marital community composed thereof, and WAYNE STRIPP d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA

            Defendants.

Case No.:

AMENDED SUMMONS

Amended Summons
Page 1

TO THE ABOVE NAMED DEFENDANTS AND EACH OF YOU:

A lawsuit has been started against you in the above-entitled court by STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company. Plaintiff's claims are stated in the written Amended Complaint, a copy of which is served upon you with this Amended Summons.

In order to defend against this lawsuit, you must respond to the Amended Complaint by stating your defense in writing, and serve a copy upon the person signing this Amended Summons within 20 days after the service of this Amended Summons, or within 60 days if this Amended Summons was served outside the State of Washington, or a default judgment may be entered against you without notice. A default judgment is one where Plaintiff is entitled to what they asked for because you have not responded. If you serve a notice of appearance on the undersigned person, you are entitled to notice before a default judgment may be entered.

You may demand that the Plaintiff file this lawsuit with the Court. If you do so, the demand must be in writing and must be served upon the person signing this Amended Summons. Within 14 days after you serve the demand, the Plaintiff must file this lawsuit with the Court, or the service on you of this Amended Summons and Amended Complaint will be void.

If you wish to seek the advice of an attorney in this matter, you should do so promptly so that your written response, if any, may be served on time.

This Amended Summons is issued pursuant to Rule 4 of the Superior Court Civil Rules of the State of Washington and shall supplant, supercede and be in substitution of that Complaint filed in this action dated August 27, 2009.

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

DATED this 4th day of September, 2009.

1
2
3
4                        AITKEN, SCHAUBLE, PATRICK, NEILL,
5                             RUFF & SHIRLEY
6
7                        By
8                           Linda Schauble-Ruff, WSBA No. 14707
9                           Of Attorneys for Plaintiff
10                          P.O. Box 307
11                          Pullman, WA 99163
12                          Telephone Number:  (509) 334-3505
13                          FAX Number:      (509) 334-5367
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

Amended Summons
Page 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30
31
32
33
34
35

**SUPERIOR COURT OF WASHINGTON**
**IN AND FOR WHITMAN COUNTY**

STRATEGIC INTENT, LLC, a Washington limited liability company, d/b/a Palouse Falls Brewing Company,

JEFFREY A. GREENE and MELINDA L. GREENE, husband and wife, in their individual capacities, and the marital community composed thereof,

          Plaintiffs,

          v.

STRANGFORD LOUGH BREWING COMPANY LIMITED, a United Kingdom Corporation for the regions of Home Counties and Outer London,

ROBERT LITTLE and JANE DOE LITTLE, husband and wife, in their individual capacities, and the marital community composed thereof,

ANTHONY DAVIES and TRACEY DAVIES, husband and wife, in their individual capacities, and the marital community composed thereof,

MICHAEL STANLEY ROSS and JANE DOE ROSS, husband and wife, in their individual capacities, and the marital community composed thereof,

JAMES STEPHENSON and JANE DOE STEPHENSON, husband and wife, in their individual capacities, and the marital community composed of thereof, and JAMES STEPHENSON d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA,

WAYNE STRIPP and JANE DOE STRIPP, husband and wife, and the marital community composed thereof, and WAYNE STRIPP d/b/a STRANGFORD LOUGH BREWING CO., STRANGFORD LOUGH BREWING COMPANY INC. and STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA

          Defendants.

Case No.:

AMENDED COMPLAINT

AMENDED COMPLAINT
Page 1

36

AMENDED COMPLAINT
Page 2

organizers of STRATEGIC.    In its contract dealings with Defendants SLBC    NA, STEPHENSON and   STRIPP, said Plaintiffs GREENE were negotiating on behalf of themselves, in their individual capacities and as organizers or promoters,   and the said limited liability company that was to be formed.  Accordingly, the representations of said Defendants SLBC NA, STEPHENSON and STRIPP that were made to the Plaintiffs Greene as promoters should be deemed as having been  made to STRATEGIC.  The inaccuracy of the representations made by said Defendants have caused great anxiety, stress and mental anguish to the GREENES for which they should be compensated.

As used herein, where representations are alleged to have been made to STRATEGIC by SLBC NA, STEPHENSON and STRIPP, such representations were in fact made to Plaintiffs GREENE, but as promoters of a limited liability company that soon came into fruition as STRATEGIC.

As further used herein, the term "Plaintiff" standing alone shall refer to STRATEGIC, and the term "Plaintiffs GREENE" shall mean JEFFREY A. GREENE and MELINDA L. GREENE.

1.3    Corporate Defendant.  STRANGFORD LOUGH BREWING COMPANY LIMITED ("SLBC"), is a foreign corporation formed in Great Britain in the regions of Home Counties and Outer London.  Its registered office and principal place of business at the time of contracting was  located at 22 Shore Road, Killyleagh, Downpatrick, County Down BT30 9UE, Northern Ireland, United Kingdom.  Upon information and belief, SLBC's present registered office is located in Wales of the United Kingdom at Unit E Llantrisant Business Park, Llantrisant, Rhondda Cynon Taff, Wales, CF728Lf.

SLBC is purportedly in the business of the manufacturing, supplying and distribution of *Irish* ales and brewing equipment and technology, the development of proprietary business, marketing and sales systems, and the licensing of its proprietary business systems, its Strangford Lough brand, materials and brewing equipment and technology.   It is also engaged in the business of selling exclusive licensing, franchise, distribution and manufacturing rights to its craft brand *Irish* ales, proprietary SLBC business systems, brewery production technology, brands, images, trademarks, trade names and logos, pursuant to a license program and package."  Such comprehensive business package includes

AMENDED COMPLAINT
Page 3

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

the sale and installation of a fully automated proprietary brewing equipment capable of producing a minimum production capacity of 75,000 liters of SLBC brewed products, ongoing technical assistance in all matters pertaining to the operation of a SLBC microbrewery business, and the sale of SLBC WORT (i.e., the sugary liquid created from the first phase of brewing process) to be used exclusively by such licensed microbrewery in the production of its SLBC craft *Irish* ales.

SLBC is not licensed to do business in the state of Washington.

1.4     Defendants LITTLE. ROBERT LITTLE, upon information and belief, is, and was at all times material hereto, a married man. The full, true and correct name of ROBERT LITTLE's wife is presently unknown to Plaintiff and for the purposes as set forth herein, shall be referred to herein as "JANE DOE LITTLE." Upon information and belief, Defendants LITTLE reside at 45 Ardigon Road, Killyleagh, County Down, BT30 9TB, Northern Ireland, United Kingdom.

ROBERT LITTLE is, and was, at all times material hereto, a director, officer and an equity shareholder of SLBC, holding approximately two hundred ninety nine (299) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation.

1.5     Defendants DAVIES. ANTHONY DAVIES, upon information and belief, is, and was at all times material hereto, married to TRACEY DAVIES. Upon information and belief, ANTHONY DAVIES and TRACEY DAVIES reside at 22 Shore Road, Killyleagh, County Down, BT30 9UE, Northern Ireland, United Kingdom.

ANTHONY DAVIES is, and was, at all times material hereto, a director, officer and equity shareholder of SLBC, holding approximately six hundred ninety nine (699) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation. As further consideration for the performance of Plaintiff pursuant to the contract at issue herein, Defendant

1.6     Defendant ROSS. MICHAEL ROBERT ROSS, upon information and belief, is, and was at all times material hereto, a married man. The full, true and correct name of MICHAEL ROBERT ROSS's wife is presently unknown to Plaintiff and for the purposes as set forth herein, shall be referred to herein as "JANE DOE ROSS." Upon information and

AMENDED COMPLAINT
Page 4

belief, MICHAEL ROBERT ROSS resides at 24 Osborne Road, Tweedmouth, Berwick-Upon-Tweed TD15 2HS, England.

MICHAEL ROBERT ROSS is, and was, at all times material hereto, an equity shareholder of SLBC, holding approximately two (2) shares of the total one thousand (1,000) shares of the issued and outstanding common stock of the corporation.

1.7    Defendants STEPHENSON, STRIPP and SLBC NA.    JAMES STEPHENSON and WAYNE STRIPP, in their individual capacities and doing business as "STRANGFORD LOUGH BREWING CO.," "STRANGFORD LOUGH BREWING COMPANY NORTH AMERICA," "STRANGFORD LOUGH BREWING COMPANY," "STRANGFORD LOUGH BREWING COMPANY INC, NORTH AMERICA," and "STRANGFORD LOUGH BREWING COMPANY, INC. NORTH AMERICA," were the sole owners and operators of the above-named enterprises (all said enterprises are collectively referred to herein as "SLBC NA"), headquartered in Vancouver, British Columbia, Canada.    All said entities above referenced in this paragraph 1.7 herein are believed to be one and the same.    Upon information and belief, at all material times hereto, said individual Defendants are, and have been married, and their spouse's names are unknown.    For the purposes as set forth herein, Defendant JAMES STEPHENSON's wife shall be referred to herein as "JANE DOE STEPHENSON," and together Defendant JAMES STEPHENSON and JANE DOE STEPHENSON shall be referred to herein as "Defendants STEPHENSON."    Defendant WAYNE STRIPP'S wife shall be referred to herein as "JANE DOE STRIPP," and together Defendant WAYNE STRIPP and JANE DOE STRIPP shall be referred to herein as "Defendants STRIPP."    The current residence addresses of said Defendants are unknown, but upon information and belief, said Defendant STEPHENSON and Defendant STRIPP are residents of British Columbia, Canada.

To Plaintiff's knowledge, SLBC NA has at no time never registered or licensed its business with any regulatory authority of any state, province or country.    Prior to the contract at issue herein, SLBC NA was acquired by SLBC. Upon information and belief, at some pint prior to the contract at issue herein, SLBC NA, some or all of its assets, were acquired by SLBC, and SLBC NA no longer has a separate existence from that of SLBC.

AMENDED COMPLAINT
Page 5

## II.

## JURISDICTION/VENUE

2.1    Pursuant to Washington's Long-Arm statute, RCW 4.28.185, Defendants pursued purposeful acts and business within the State of Washington, including the transactions of business in this State, and the commission of tortious acts in this State.

2.2    The State of Washington is the only jurisdiction that has the most significant relationship with the causes of action in this case.  The contacts with the State of Washington include the following:

    a)  All said Defendants actively targeted, advertised, pursued and solicited the business of United States citizens, including residents residence from the State of Washington and Plaintiff herein;

    b)  The offers, acceptance of offers and substantial bulk of the contract negotiations occurred via e-mail, postal service or by phone, at Plaintiff's principal place of business in Washington;

    c)  Defendant's misrepresentations of material facts, and deceptive and unfair trade practices as further set forth hereinbelow occurred in the State of Washington;

    d)  The place of performance of the contract was in the State of Washington;

    e)  The personal property in dispute is located in the State of Washington;

    f)  The franchise business in dispute is located in the State of Washington; and

    g)  The place of the delivery of goods was in the State of Washington;

    h)  The place where the subject matter of the contract is located is in the State of Washington;

    i)  The territory to which the licensing and franchise rights where to be located included the State of Washington; and

    j)  The domicile, residence, nationality, place of incorporation and place of business of the Plaintiff is located in the State of Washington;

2.3    The causes of action as set forth herein are connected with, and arise from, such acts and transactions as set forth hereinabove.

2.4    All said Defendants have submitted themselves to the jurisdiction of the Washington courts, by virtue of Washington's Franchise Investment Protection Act, RCW 19.100 et.seq. and Washington's Consumer Protection Act, RCW 19.86.

2.5    With respect to Defendants SLBC, LITTLE and DAVIES, The contract at issue herein provides that should the Plaintiff pursue a cause of action against SLBC, the

AMENDED COMPLAINT
Page 6

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

licensor, venue and jurisdiction shall be in Whitman County, Washington and the choice of law shall be United States laws.

2.6    There is no other jurisdiction that has any greater commonality of the parties' places of business and respective residences, and places of performance.    At all times material hereto, Plaintiff solely did business in the State of Washington.  SLBC engages in business internationally, throughout the United Kingdom, Europe and the North American Continent.  Both SLBC and SLBC NA actively targeted the business of U.S. citizens and were offering for sale exclusive licenses and franchises for the State of Washington territory. Upon information and belief, Defendant SLBC no longer has its principal place of business located in Northern Ireland.  As noted herein, upon information and belief, SLBC's principal place of business is now the country of Wales, and SLBC NA has merged into SLBC.

2.7    Considering the quality, nature and extent of the activity in the State of Washington, the relative convenience of the parties, the benefits and protection of the laws of the forum state, and the basic equities dictate that the State of Washington exercise jurisdiction over all the Defendants hereto.

2.8    The contract entered into between SLBC and STRATEGIC provides for arbitration in the jurisdiction of the party requesting arbitration.  Due to the particular nature of the claims in the instant case, the available remedies in equity and in law, and the differing parties in interest herein, arbitration of the instant disputes is not appropriate.  SLBC NA, STEPHENSON, and STRIPP are not parties to the contract at issue herein, and the arbitration provision does not apply to said Defendants.  As further set forth hereinbelow, there is joint and several liability amongst all said Defendants, and the remedies requested include rescission.  Further, the nature of Plaintiff's claims extend beyond the contract issues and include claims in tort and violations under Washington's Franchise Protection Act and Consumer Protection Act.

2.9    This court has jurisdiction over the parties and of the subject matter of this action. The laws of the State of Washington apply.

AMENDED COMPLAINT
Page 7

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

## III.

## PIERCING THE CORPORATE VEIL

3.1    Upon information and belief, at all times material hereto, Defendant ROBERT LITTLE, ANTHONY DAVIES and MICHAEL ROBERT ROSS were the sole equity shareholders of SLBC.

3.2    Throughout its dealings with Plaintiff, and continuing to the present day, SLBC has disregarded its corporate form, and said shareholders of SLBC intentionally misused, controlled and manipulated said corporate form to accomplish fraud on their behalf and at the expense of Plaintiff.  SLBC was, is and has to continued to be, used to promote fraud and illegality.

3.3    Upon information and belief, SLBC is undercapitalized.  Defendants LITTLE and DAVIES' improper conduct has resulted in Plaintiff's likely inability to obtain an adequate remedy from SLBC.

3.4    Disregarding SLBC's corporate veil would promote an injustice and is necessary and required to prevent an unjustified loss to the Plaintiff.

## IV.

## BACKGROUND/OPERATIVE FACTS

4.1    Plaintiff realleges paragraphs 1.1 through 3.4 hereinabove.

4.2    As previously referenced herein, SLBC is principally engaged in the business of manufacturing, distributing, licensing and franchising its SLBC brand craft ales.  , said ales purporting to be Irish ales.  It owns all license, franchise, trademark and distribution rights world-wide to the Strangford Lough craft ales known as "St. Patrick's Best," "St. Patrick's Ale," "St. Patrick's Gold," "Legbiter," and "Barelegs Brew."  Said beers and ales were named after historical *Irish* figures.

4.3    Prior to November, 2008, SLBC sold its said licensing, franchise, trademark, and distribution rights covering the North American territories to SLBC NA, believed to be a general partnership located in British Columbia, with its main headquarters located in Vancouver.  SLBC NA held itself out to the general public, and to Plaintiff in particular, as the North American branch office of SLBC.

AMENDED COMPLAINT
Page 8

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

4.4.    Upon acquiring th licensing and franchise rights from SLBC for the North America territories, it is believed that SLBC NA, in consult and coordination with SLBC, put together a business prospectus and a sales and marketing scheme, detailing the specifics of the licensing package to be offered to potential licensees.  As further set forth hereinbelow, said business prospectus also included promotional material pertaining to the strong Irish origins and traditions of SLBC's trademark ale. The business prospectus further detailed the rich Irish history of the situs of SLBC's base operations, which said business situs was located in a place in Ireland that was strongly associated with St. Patrick, the patron Saint who brought Christianity to Ireland.

4.5    Once SLBC NA secured the licensing and franchise rights as set forth hereinabove, it actively solicited potential licensees in the United States to compete for the exclusive franchise territories.  SLBC knew at the time that SLBC NA was soliciting its customer base, that SLBC NA was using a name for its operations that was almost identical to SLBC's name, and that SLBC NA was representing to the public that it was the North American branch office for SLBC.

4.6    As a part of its solicitation efforts, SLBC NA published, on the world-wide internet and other postings, a Licensee Brochure Presentation Transcript, summarizing the licensing package that was being offered for sale.  SLBC NA, STEPHENSON and STRIPP knew or should have known that said publication would be received by persons and entities within the State of Washington.  Upon information and belief, SLBC participated in the preparation of such licensee brochure.  This brochure made specific references to a presently operational WORT processing plant located in Ireland from which Strangford Lough shipped authentically processed WORT directly from Ireland to licensee's brewery, which the licensee then processed into Strangford Lough's *Irish* beer brands.

4.7    In approximately September, 2008, SLBC NA Plaintiff responded to SLBC's web site posting of openings for potential licensees of SLBC products. In the days and weeks that followed, SLBC  NA and Plaintiff communicated regarding the various details for the start-up of such a franchise business and microbrewery in the State of Washington.

4.8    Ultimately, at the invitation of SLBC NA, Plaintiff attended on October 7, 2008, a business opportunity synopsis meeting conducted by JOHN STEPHENSON,

AMENDED COMPLAINT
Page 9

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

WAYNE STRIPP and SLBC NA that was held in Vancouver, British Columbia. The invitation to attend this meeting was extended to Plaintiff within the State of Washington.

4.9     At the said business opportunity synopsis meeting referenced in the preceding paragraph, various oral and written statements were provided to Plaintiff regarding the *Irish* origins and traditions of the craft *Irish* ale for which the licensing, franchise, manufacturing and distribution rights were being offered. A written business prospectus was provided to the Plaintiff at said meeting. Upon information and belief, SLBC prepared, or assisted in the preparation of, said written business prospectus.

In the prospectus delivered to Plaintiff at the meeting, there were more than twenty references to the *Irish* origins and traditions of the SLBC's trademark craft ale and SLBC's base of operations. The prospectus represented that SLBC's business operations were located in a place that was strongly associated with St. Patrick, the patron saint who brought Christianity to *Ireland*. It further made reference to a fully operational SLBC WORT processing plant located in Ireland, equipped to make necessary shipments of authentically produced *Irish* WORT, crafted from *Irish* recipes and *Irish* ingredients, including "shamrock." The various representations as to the *Irish* origins of SLBC's beer and its base operations are more fully set forth in Article VI hereinbelow.

4.10    In approximately November, 2008, SLBC re-acquired all rights it originally sold to SLBC NA, and merged its business operations with SLBC's main headquarters in Killyleagh, County Down, Northern Ireland, United Kingdom. Part of the proprietary assets it received in the transaction, included SLBC NA's business promotional material, including the above business prospectus provided to Plaintiff, and SLBC NA's business concepts and marketing strategies. Plaintiff was informed that nothing had changed as a result of the change in the organization of SLBC and SLBC NA. In fact, SLBC continued to use, and still continues to use, an almost identical business prospectus as that used by SLBC NA in its initial dealings with Plaintiff. Further, to Plaintiff's knowledge, the Licensee Brochure Presentation Transcript is one and the same as the Licensee Brochure Presentation Transcript referenced in paragraph 4.6 hereinabove and to which Plaintiff originally responded in its initial dealings with SLBC NA.

AMENDED COMPLAINT
Page 10

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

4.11    At such time as SLBC acquired the business and assets of SLBC NA, or at such earlier time while SLBC and SLBC NA were still a part of the joint franchise arrangement, SLBC was using, interchangeably with its own corporate name, STRANGFORD LOUGH BREWING COMPANY LIMITED, SLBC NA's business name, "STRANGFORD LOUGH BREWING CO."

4.12    SLBC ratified and adopted all, or nearly all, of the representations that SLBC NA had made to Plaintiff as set forth hereinabove, or otherwise remained silent as to the accuracy of the representations when questioned by Plaintiff.

4.13    Throughout the process of the contract negotiations, SLBC continued to emphasize the *Irish* origins and traditions of its WORT production facility. SLBC stressed to Plaintiff that the *Irish* connection was a material factor in differentiating their product from other non-*Irish* microbrews, as there were an overwhelming amount of Irish descendants living in America who strongly preferred *Irish* ales. SLBC further stressed the increased profitability that would be achieved in Plaintiff's microbrewery business, due to its ability to provide, at reduced costs, its own advanced WORT supply.

4.14    On many occasions, Plaintiff conveyed to SLBC the paramount significance of this *Irish* connection. SLBC assured Plaintiff that all of the ingredients used to make the advanced WORT, except the water, were grown and produced in Ireland. Plaintiff had many questions regarding the WORT processing plant in Ireland. Defendant deflected inquiries and failed to directly answer these inquiries. At one point when Plaintiff suggested that it be accorded a tour of the WORT processing plant in Ireland, Plaintiff was encouraged, instead, to visit SLBC in New York City where SLBC could arrange for another tasting of SLBC brand ales. At no time did SLBC advise Plaintiff that, in actuality, there was no such functioning SLBC WORT plant located in Ireland or elsewhere.

4.15    On or about November 24, 2008, SLBC and Plaintiff entered into an Exclusive Microbrewery License, Equipment, and Wort Supply Agreement. Pursuant to the terms of said contract, SLBC was to provide to Plaintiff at the cost of $330,000.00 all the brewery equipment necessary in order to implement a fully operational Microbrewery with a monthly minimum production capacity of 75,000 liters of SLBC brewed products. Said equipment was to be ready for shipment to Plaintiff's place of business on or before January

AMENDED COMPLAINT
Page 11

9, 2009. Within fourteen (14) days after the arrival of the equipment, SLBC was to have fully operational and commissioned Microbrewery. The first batch of product was to be brewed, bottled and kegged under SLBC supervision not later than twenty-one (21) days after delivery of the said brewery equipment to Plaintiff.

4.16    In addition, the contract provided for licensing rights to use all propriety SLBC systems, equipment and technology, brands, and trademarks, all of which would be supplied to Plaintiff by SLBC for its use in the exclusive territories of Washington, California, Idaho and Oregon. The contract further provided for exclusive manufacturing rights of SLBC products in the state of Washington, and exclusive distribution rights in Washington, California, Idaho and Oregon. Plaintiff was accorded first rights of refusal to said licensing, manufacturing rights to other territories. Said license term was to commence on March 1, 2009. In consideration of said licensing rights, Plaintiff agreed to pay the sum of $50,000.00 for the first annual term, and $18,000.00 for each annual term thereafter.

4.17    On the date of the execution of the contract, and in accordance therewith, Plaintiff wired money to SLBC in the amount of $50,000.00 for the license fee and $82,500.00 for the first equipment installment payment.

4.18    On or about December 23, 2008, SLBC confirmed that all of the equipment that was to be delivered under the contract had been inspected and was in satisfactory condition. As such, and pursuant to the contract, Plaintiff immediately wired money to SLBC in the amount of $165,000.00, representing the second of the three equipment installment payments that were required under the contract.

4.19    During the period of January 18, 2009 through approximately April 9, 2009, the substantial majority of the brewing equipment was delivered to Plaintiff's microbrewery. On approximately April 30, 2009, SLBC commenced the equipment installation.

4.20    In the months that followed, there were numerous equipment failures. Most of the equipment defects did not come to light until months later when SLBC attempted to commission the same. Some of the equipment that was delivered did not conform to the terms of the contract. For instance, a used bottle capping machine of a different brand than what was represented to Plaintiff was supplied to Plaintiff and it was faulty. A twenty-four spout bottler rinser was specified under the contract and a four spout bottle rinser had been

AMENDED COMPLAINT
Page 12

supplied. There were significant problems with the cooling jacket insulation and the glycol chiller compressor that significantly compromised the quality of the brewed products. Attempts were made to fix these problems but they still remain unresolved. There were numerous items of equipment that were required to be provided in order to efficiently operate the microbrewery which were not provided and continue to remain unprovided. All of said delays, equipment failures, equipment procurement issues and non-conforming items caused Plaintiff considerable delays, loss of productivity and profits, and damage to Plaintiff's sample brews, brewing inventory and supplies. These problems and issues continue to remain to the present date.

4.21    The contract provided that SLBC was to provide Plaintiff with SLBC's own ADVANCED WORT shipped directly from Ireland to Plaintiff's place of business no later than February 1, 2009, provided that Plaintiff's initial order of WORT was to be received by SLBC no later than December 20, 2008. On or about May 20, 2009, Plaintiff received from SLBC the initial malt extract used in the production of WORT. This was only a small sampling of that which had been ordered in January, 2009, and said WORT was not in conformity with the contract requirements. The malt extract was not produced by SLBC. In fact, it was produced by an independent malt manufacturer in Scotland using said malt manufacturer's own recipes and ingredients. None of the ingredients were of *Irish* origin. The WORT was not ADVANCED WORT as contracted. The WORT could not replicate the authenticity of the *Irish* recipe, and the WORT, as brewed, could not and did not replicate SLBC's craft ales. As the WORT supply is not manufactured in-house by SLBC, the cost of the malt extract supplied is greater than represented by SLBC.

4.22    Throughout SLBC's attempts at performance under the contract at issue herein, Defendant repeatedly represented to Plaintiff that its WORT processing plant would be fully operational in the very near future. Plaintiff relied on these representations in going forward with the contract. As a part of the bottle labeling process, SLBC's counsel worked with SLBC and Plaintiff in order to design uniform labels for all SLBC brand brews. Throughout this process, SLBC insisted that the labels carry appropriate references to the *Irish* origins of the beer, and the *Irish* ingredients used to make the beer. After an approximate three month period, the Alcohol & Tobacco and Trade Bureau of the Federal

AMENDED COMPLAINT
Page 13

Government approved the SLBC brand labels that made reference to the beer having been "crafted in Ireland" from ingredients "imported" from Ireland.

4.23    Unless or until SLBC has a fully functioning and operational WORT processing plant in Ireland and the ingredients used to produce such WORT originate from Ireland, the said SLBC brand labels referenced in the preceding paragraph are inaccurate and misleading and cannot be used. Plaintiff is not permitted to use labels that SLBC does not approve, and the SLBC labels are required to be uniform. Until such time as this issue has been corrected, Plaintiff is unable to market any SLBC beer that may be brewed at its facility, thereby causing further delay and damage to Plaintiff's business.

4.24    As a result of said failures of performance on the part of SLBC, Plaintiff has incurred, and continues to incur, substantial out-of-pocket expenses. SLBC agreed to promptly reimburse Plaintiff for the same, but despite said promises, said amounts remain unpaid and continue to remain outstanding.

4.25    Plaintiff has previously presented and delivered in the manner required by law a written Notification/Cure Letter to Defendant. The delivery of said Notification/Cure Letter was also in accordance with the Notice provisions of the contract. Many of the defaults specified in said letter have not been corrected. SLBC has indicated to Plaintiff that some of the defaults cannot be corrected, it has no intention of correcting others, some defaults Plaintiff will have to work around, and some of the defaults may be remedied in the future but with no clear indication as to how and when.

4.26    Over thirty (30) days have elapsed since the time of the delivery of said Notification/Cure letter and it is proper to maintain this action.

4.27    Plaintiff has now been advised by Defendant that the SLBC labels shall now also be affixed to the neck of the beer bottles and additional changes need to be made to the main body label. The bottle labeling equipment supplied by SLBC to Plaintiff is not capable of applying neck labels to the bottles

4.28    Since SLBC has received the Notification/Cure letter noted above, SLBC has offered to independent brewers in the United States the opportunities to manufacture and distribute SLBC ales in various other territories that are not included in Plaintiff's licensing agreement. These territories are included as a part of Plaintiff's first refusal rights as further

AMENDED COMPLAINT
Page 14

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

set forth in paragraph 4.15 hereinabove. SLBC has not received Plaintiff's consent to make these offers, and Plaintiff has not been accorded the opportunity to assert its first refusal rights regarding these offers.

4.29    Plaintiff's microbrewery continues to remain in a state of disrepair and is not capable of production. Even under SLBC's direct supervision, the test brews do not resemble the SLBC brands. The product brewed from this WORT is not and cannot be *Irish*.

**V.**

**SLBC IS A SUCCESSOR IN INTEREST TO SLBC NA AND IS BOUND BY THE ACTS, CONDUCT AND REPRESENTATIONS OF SLBC NA/JOINT AND SEVERAL LIABILITY**

5.1.    Plaintiff realleges paragraphs 1.1 through 4.29 hereinabove.

5.2    "Strangford Lough Brewing Company Limited" and "Strangford Lough Brewing Co." are in engaged in the same business enterprise and the names are deceptively similar. SLBC was aware that SLBC NA was claiming to be the North American office of SLBC, and SLBC used the name of SLBC NA in its business dealings with licensees.

5.3    SLBC acquired all rights to the property and assets of SLBC NA and has merged its operations as a part of its own operations.

5.4    SLBC was aware of the false and misleading representations SLBC NA made to Plaintiff during the contract negotiations, and in fact acquired the business prospectus and promotional material from SLBC NA that SLBC NA used as a part of its solicitation efforts towards Plaintiff. It has since used said materials in its own business dealings with potential licensees, and has accepted, confirmed and ratified said false and misleading representations.

5.5    SLBC was a willing participant in a scheme or artifice that was designed to deceive Plaintiff and others, and knew that Plaintiff believed the truth and accuracy of said representations that were made as an inducement to enter into the contract. Plaintiff was entitled to rely on said representations and did so rely.

5.6    SLBC is a successor-in-interest to SLBC NA and is bound by the representations made by its said predecessor-in-interest.

AMENDED COMPLAINT
Page 15

5.7    All said Defendants as set forth herein either acted in concert to harm the Plaintiff, or acted independently of each other but caused indivisible harm by their tortious conduct; therefore, each said Defendant is jointly and severally liable for all damages sustained by Plaintiff.

## VI.

### CAUSE OF ACTION AGAINST DEFENDANTS STEPHENSON, STRIPP AND SLBC NA, FOR FRAUD/NEGLIGENT MISREPRESENTATION

6.1    Plaintiff realleges paragraphs 1.11 through 5.7 hereinabove.

6.2    During the approximate period of late September, 2008, through approximately October 20, 2008, JAMES STEPHENSON and WAYNE STRIPP, in their individual capacities and doing business for SLBC NA, owned all licensing, franchise, marketing, manufacturing and distribution rights to SLBC'S brand ale, proprietary business systems and trademarks and logos in the North American territories.   In an effort to secure Plaintiff as a potential licensee for the territories of Washington, California, Idaho and Oregon, said parties intentionally or negligently made a series of repeated verbal and written material misrepresentations of fact, under circumstances which entitled Plaintiff to rely thereon and upon which Plaintiff did, in fact, rely upon its contract negotiations with SLBC NA and its subsequent agreement to enter into said licensing agreement with SLBC.

6.3    The material misstatement of facts as set forth hereinabove included the following representations:

   a) SLBC NA was the North American branch office of SLBC;
   b) SLBC had a true and legitimate business presence located in Killyleagh, County Down, Northern Ireland;
   c) SLBC, had a fully operational WORT processing facility located in Killyleagh, County Down, Northern Ireland;
   d) SLBC'S WORT processing plant was capable of shipping, directly from Ireland, the necessary WORT supply to Plaintiff;
   e) SLBC directly manufactured and brewed, from its own facilities located in Ireland, and under SLBC's direct supervision and control, the SLBC brand craft ale;
   f) The recipes for SLBC craft ales came from traditional and time honored *Irish* recipes, which recipes stemmed back some one thousand (1,000) years ago;

AMENDED COMPLAINT
Page 16

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

g)    That the ingredients that were used to make the WORT, including the "shamrock," was grown and produced locally in Ireland;

h)    The WORT that would be supplied to Plaintiff would be authentically produced in Ireland and directly shipped from SLBC's own processing plant in Ireland;

6.4.    Said Defendants had a duty of care to Plaintiff to accurately represent the material elements of the contemplated transaction and the comprehensive business, licensing and franchise or sub-franchise package it was offering for sale.

6.5    The representations were material to Plaintiff's contract negotiations and its ultimate decision to enter into the subject contract with SLBC. All said representations as set forth hereinabove were false. Said Defendants knew or should have known that the representations as set forth herein were false, or that they were ignorant of the truth of said representations, and they intended that Plaintiff would act upon said representations in reliance thereon. Plaintiff was not aware, at any time material hereto, that said representations were false, and it relied on the truth of the representations made. Plaintiff would not have entered into the contract at issue herein had it known that said representations were not true. Plaintiff had a right to rely on the stated representations and suffered consequent damage as a result thereof.

6.6    As a proximate result of said intentional or negligent misrepresentations as set forth hereinabove, and the breaches of said Defendants' duty to Plaintiff herein, Plaintiff entered into the contract at issue herein under false pretenses and suffered the said damages as a result thereof as more particularly set forth in Article XIII hereinbelow.

## VII.

## CAUSE OF ACTION AGAINST SLBC, DEFENDANTS LITTLE AND DAVIES FOR FRAUD/NEGLIGENT MATERIAL MISREPRESENTATIONS IN THE INDUCEMENT OF THE CONTRACT

7.1    Plaintiff realleges paragraphs 1.1 through 6.6 hereinabove.

7.2    SLBC knew or should have been aware of the material misrepresentations of fact as more specifically set forth in Article VI hereinabove that were repeatedly communicated to Plaintiff in written and oral form throughout the contract negotiations. It

AMENDED COMPLAINT
Page 17

continued to use, and still continues to use, the promotional literature, business prospectus, business concepts and licensee brochure presentation transcripts of SLBC NA under its own copyright and name and at no time, until recently, did it attempt to distance itself from said representations or correct the misinformation provided to Plaintiff.

7.3     Defendants SLBC, ROBERT LITTLE and ANTHONY DAVIES, in addition to those representations as set forth in the business prospectus and Licensee Brochure Presentation Transcript as set forth herein, on repeated occasions and prior to contracting, directly stated or purposely led Plaintiff to believe by their statements or silence that certain misrepresentations of material fact were true.  Said material misrepresentations include the following:

a)     SLBC, had a fully operational WORT processing facility and brewery located in Ireland;

b)     SLBC'S WORT processing plant was capable of immediately shipping, directly from Ireland, the necessary WORT supply to Plaintiff;

c)     SLBC directly manufactured and brewed, from its own facilities located in Ireland, and under its direct supervision and control, SLBC brand craft ale;

d)     The sample beer under the SLBC brands Plaintiff tasted prior to contracting, and for which it was to replicate, were directly brewed by SLBC from its own facilities located in Ireland;

e)     The recipes for SLBC craft ales came from traditional and time honored *Irish* recipes that SLBC owned;

f)     That all the ingredients that were used to make the WORT, except the water, was grown and produced locally in Ireland;

g)     The WORT that would be supplied to Plaintiff would be authentically produced in Ireland and directly shipped from SLBC's own processing plant in Ireland;

h)     The SLBC WORT used to make SLBC brand craft *Irish* ales came from a consistent source and recipe;

i)     The WORT to be supplied to Plaintiff as a part of the contract would come from the same recipe and WORT supply as used to make all other SLBC brands, including the sample ales Plaintiff had tasted prior to contracting;

j)     The WORT to be supplied to Plaintiff as a part of the contract would come from SLBC's own processing plant in Ireland from the local *Irish* ingredients noted above, using traditional and time-honored *Irish* recipes and *Irish* brewing traditions directly supervised by SLBC;

AMENDED COMPLAINT
Page 18

k)    The beers that Plaintiff would produce would be of the same color, consistency, taste, and quality of the SLBC ales purportedly brewed in Ireland by SLBC;

l)    Plaintiff's microbrewery equipment would be delivered and fully operational within two months from contracting;

m)   Plaintiff's microbrewery would be fully operational and capable of brewing a monthly minimum production capacity of 75,000 liters of SLBC brewed products within three months from the date of contracting.

7.4    The representations made by SLBC, ROBERT LITTLE and ANTHONY DAVIES to Plaintiff as set forth in paragraph 7.3 hereinabove were material to Plaintiff's decision to enter into the subject contract with SLBC and they were all false. Said Defendants knew or should have known that the representations as set forth herein were false, and they intended that Plaintiff would act upon said representations. Plaintiff was not aware at the time of contracting that said representations were false, and it relied on the truth of the representations made. Plaintiff would not have entered into the contract at issue herein had it known that said representations were not true. Plaintiff had a right to rely on the stated representations and suffered consequent damages as a result thereof.

7.5    In its business negotiations with Plaintiff, said Defendants had a duty to Plaintiff to provide accurate and reliable information to Plaintiff from which it could make a reasonable informed decision as to the merits and risks of the instant contract. Defendant breached its said duty to Plaintiff, and as a proximate cause thereof, Plaintiff has been damaged as further set forth in Article XIII hereinbelow.

7.6    Further, as a result of said fraud in the inducement of the contract, Plaintiff is entitled to an election of remedies for rescission of the contract, abatement of the purchase price, or damages equal to the difference between the actual value of the performance that was received by Plaintiff and the value of the performance promised.

## VIII

## UNILATERAL MISTAKE

8.1.    Plaintiff realleges paragraph 1.1 through 7.6 hereinabove.

AMENDED COMPLAINT
Page 19

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

8.2     At the time of contracting, Plaintiff was mistaken as to material elements of the contract.  Plaintiff believed that SLBC had a currently operational WORT processing plant and brewery located in Ireland from which it manufactured authentic *Irish* ales and WORT products, using *Irish* ingredients using and traditional and time-honored *Irish* recipes and *Irish* brewing traditions directly supervised by SLBC.  It further believed that the *Irish* recipes to which SLBC made claim to were owned by SLBC and could be replicated by Plaintiff on the basis of the SLBC WORT supplied to Plaintiff.  It believed that the beer that it contracted to replicate came from such recipe, and that there was a consistency in taste and quality amongst all SLBC brand ales.  It further believed that SLBC could provide the necessary WORT to produce a minimum of 75,000 liters of SLBC beer on a monthly basis, and that microbrewery would be fully operational and manufacturing SLBC beer within three months from the date of contracting, coincident with when the licensing term period was to commence.

8.3.     The true facts, however, were that SLBC at no time prior, and at no time since contracting, had its own WORT processing plant located in Ireland or elsewhere.  In fact, it had limited business presence in Ireland, if at all.  SLBC had not, and to this date never has, independently brewed its own beers.  The sample beers to which Plaintiff tested were in fact contract-brewed from a Scottish or English brewery with ingredients that came from many places other than Ireland.  The SLBC recipe was not authentic.  It was remotely replicated from other popular *Irish* beer brands and could not be replicated by SLBC without the same ingredients, recipes and malt.  SLBC, ROBERT LITTLE and ANTHONY DAVIES knew that any WORT to be supplied would  be resourced from independent malt manufacturers outside Ireland, using said malt manufacturer's own ingredients and recipes.  SLBC, ROBERT LITTLE and ANTHONY DAVIES knew that there was no SLBC WORT processing plant capable of filling the Plaintiff's orders.  In essence, the SLBC ales were not, in any sense, of *Irish* origin and could not be replicated by Plaintiff even under SLBC's direct supervision.

8.4     Plaintiff's mistaken beliefs were well known to SLBC and were, in fact perpetrated by SLBC, ROBERT LITTLE and ANTHONY DAVIES, but said Defendants failed to disclose to Plaintiff that the same were not true.

AMENDED COMPLAINT
Page 20

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

8.5     Plaintiff acted in good faith, and once learning the true state of the facts, made all reasonable efforts for Defendants to bring its performance in conformity with the representations of SLBC and the reasonable expectations of Plaintiff.

8.6     A recission of the contract is an appropriate remedy to avoid a substantial detriment to Plaintiff and it works no substantial hardship to said Defendants.

## IX.

### CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF FRANCHISE PROTECTION ACT BREACH OF CONTRACT/ UNIFORM COMMERCIAL CODE

9.1     Plaintiff realleges paragraphs 1.1 through 8.6 hereinabove.

9.2     The licencing contract at issue herein initially offered to Plaintiff by Defendants SLBC NA, JAMES STEPHENSON and WAYNE STRIPP, and ultimately entered into between Plaintiff and SLBC, pertained to the distribution of goods under a marketing plan prescribed or suggested in substantial part by SLBC.  Said marketing plan included marketing strategies,  access to SLBC marketing materials, volume buying power, profit and productivity information, and proven sales information.  The licensing package also included access to advice, consultation and technical assistance pertaining to required uniform trademark labeling requirements, promotional materials, the operation and management of a microbrewery.  The licensing program pertained to exclusive locations and labels, brand name recognition and trademark protection, tested marketing techniques, pre-established customer bases, assistance in a fast-tracked process for federal and state licensing and permits.  It also included a pre-sale portion of beer production from SLBC's list of contacts.

9.3     The operation of Plaintiff's business under said licensing contract was substantially associated with the SLBC trademark, trade name, logo, advertising and commercial symbol designating, owned by, or licensed by SLBC.

9.4     Plaintiff paid, and was required to pay, a franchise fee in a lump sum for each year of the franchise.  For an additional sum and under other terms and conditions, Plaintiff

AMENDED COMPLAINT
Page 21

was given a first right of refusal for licensing and franchise rights for the territories of California, Idaho and Oregon.

9.5    The transactions as set forth herein were not isolated transactions, as said Defendants were engaged in the business of selling licensing and franchise rights.

9.6    The transactions as set forth herein constitute sales or offers to sell a franchise or subfranchise in the State of Washington and are governed by Washington's Franchise Protection Act, RCW 19.100 et.seq.  Pursuant to said Act, SLBC is a "Franchisor" and SLBC NA was a "SubFranchisor."

9.7    No said Defendant named herein at any times material hereto properly registered their offers with the State of Washington.

9.8    All said Defendants herein in connection with the offer or sale of said franchise or sub-franchise, as the case may be, performed the following acts constituting misrepresentations under the Franchise Protection Act:

a)    Made, by way of written and oral communications, untrue statements of material facts, and omitted to state material facts necessary in order to make the statements that were made, in light of the circumstances under which they were made, not misleading;

b)    Employed a scheme or artifice to defraud the Plaintiff; and

c)    Engaged in an act, practice, or course of business which operated or would operate as a fraud or deceit upon the Plaintiff.

9.9    As a result of conduct and failures of Defendants, Plaintiff has suffered, and shall continue to suffer, damages as further set forth in Article XIII hereinbelow, and is entitled herein to an award of up to treble the actual damages sustained, plus costs and attorneys fees, or in the alternative, for a rescission of the contract.

## X.

## CAUSE OF ACTION AGAINST ALL DEFENDANTS FOR VIOLATION OF CONSUMER PROTECTION ACT/UNFAIR COMPETITION/FALSE ADVERTISING

10.1    Plaintiff realleges paragraph 1.1 through 9.9 hereinabove.

AMENDED COMPLAINT
Page 22

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

10.2    The acts and misconduct as set forth hereinabove constitutes false advertising and unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce pursuant Washington Consumer Protection Act, RCW 19.86 et. seq.

10.3    The acts and conduct of the Defendants as set forth herein involve a franchise business which the Legislature, pursuant to the Franchise Protection Act, has declared to be affected by the public interest.

10.4    Pursuant to Washington's said Consumer Protection Act, Plaintiff is entitled to seek injunctive relief to enjoin further violations, recover up to treble the amount of actual damages sustained, and a discretionary award of costs and attorneys fees.

10.5    Plaintiff's actual damages for breaches as set forth herein are more specifically set forth in Article XIII hereinbelow.

## XI.

## CAUSE OF ACTION AGAINST SLBC, DEFENDANTS LITTLE AND DAVIES FOR BREACH OF CONTRACT/UNIFORM COMMERCIAL CODE/EXPRESS AND IMPLIED WARRANTIES

11.1    Plaintiff realleges paragraphs 1.1 through 10.5 hereinabove.

11.2    The contract at issue herein involves the commercial sale of specific goods and services and is governed by the Uniform Commercial Code, Article 2.

11.3    Pursuant to the contract at issue herein, SLBC was to provide to Plaintiff all the brewery equipment necessary in order to provide a "turnkey" microbrewery operation, capable of producing the monthly capacity of SLBC brewed beer as further set forth in paragraph 4.14 hereinabove.

11.4    Plaintiff relied on Defendant's superior knowledge and skill to determine what equipment and accessories would be necessary for the efficient operation of such a microbrewery.

11.5    Pursuant to the contract, SLBC expressly warranted for a period of one year all of the equipment provided and its workmanship. Further, SLBC was a merchant with respect to the particular goods sold. As such, with respect to said equipment sold under the

AMENDED COMPLAINT
Page 23

AITKEN, SCHAUBLE, PATRICK, NEILL, RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

contract, SLBC made implied warranties of merchantability and implied warranties of fitness for a particular purpose.

11.6    As set forth in Article IV hereinabove, there were numerous breaches of performance on SLBC's part that pertained to equipment procurement, equipment defects, non-conforming equipment and equipment delays.    Plaintiff has accorded SLBC ample opportunity to cure said defaults.    Notwithstanding, these issues persist to the instant date and include, amongst other items,  the following defective equipment or necessary items that are required for the efficient operation of the microbrewery:

a)    Non-conforming or defective bottle capping machine;
b)    Defective chiller/glycol system;
c)    Defective cooling jackets on the bottom of the Bright Beer tank;
d)    Defective Kegging equipment;
e)    Broken housing on the spare pump;
f)    Non-conforming bottle rinser;
g)    Lacking Carbon dioxide regulators for the bright beer tank, bottle filler and keg filler;
h)    Lacking Mother carton sealer;
i)    Lacking Calibrated site glass for the liquid level on the hot liquor tank and dissolving vessel;
j)    Lacking adequate work surface for the bottle transfer from pallets to the bottle labeling machine;
k)    Lacking adequate work surface for the bottle transfer from the sanitizer to the bottle filler;
l)    Lacking adequate work surface for the bottle transfer from bottle capper to the carrier and mother carton packing;
m)    Lacking heating element for the kegging equipment;
n)    A method for pressurizing the product to the bottle filler is lacking;
o)    A matching receptacle and plug for the kegging machine product pump is lacking;
p)    A hose connection and undamaged fan cover for the concentrate pump.

11.7    In addition to the above breaches of performance and express and implied warranties, Defendant has breached its performance under the contract by failing to fulfill the necessary advance WORT supply orders required by Plaintiff.    It has further deprived Plaintiff of the benefit of its bargain regarding its licensing rights, as the licensing term is to expire on April 30, 2010 and Plaintiff is still unable to manufacture the brewed products.

AMENDED COMPLAINT
Page 24

11.8    The contract at issue herein contains provisions setting forth that the SLBC WORT to be supplied to Plaintiff was to be made by SLBC in Ireland. The contract further states that SLBC would provide the necessary technical assistance in order that Plaintiff's brewed product would be of the same color, consistency, taste and quality as if such brewed products had been brewed in Ireland by SLBC. SLBC's failure to have an operating WORT processing plant in Ireland is a substantial breach of the contract.

11.9    SLBC has been, and continues to be, unable to replicate the color, consistency, taste and quality of its own SLBC brands at Plaintiff's microbrewery. This was the gravamen of the contract and constitutes a material breach thereof.

11.10   As a result of said breaches in performance and breaches of express and implied warranties, Plaintiff has suffered, and continues to suffer, damages as further set forth in Article XIII hereinbelow.

# XII
## PERSONAL GUARANTEE OF ROBERT LITTLE AND ANTHONY DAVIES

12.1    Plaintiff realleges paragraphs 1.1 through 11.10 hereinabove.

12.2    According to the contract at issue herein, all equipment that was to be provided to Plaintiff under the terms of the Contract were to be free and clear of any liens or encumbrances.

12.3    As further consideration for the performance of Plaintiff pursuant to the contract at issue herein, Defendants ROBERT LITTLE and ANTHONY DAVIES signed a personal guarantee, thereby guaranteeing that all equipment as provided for and referenced in the contract was unencumbered and free of all mortgages, charges and liens.

12.4    Confirmation that said equipment provided was free and clear of liens was to be provided by Defendants. To this date, Plaintiff has received no documentation or written confirmation that said equipment provided is free and clear of liens or encumbrances.

12.5    Pursuant to Article XIII hereinbelow, materials and services have been provided on Plaintiff's leasehold premises which continue to remain unpaid. Said services were secured by SLBC in part to install or remedy defects in the equipment provided by SLBC.

AMENDED COMPLAINT
Page 25

12.6    Unless SLBC fully satisfies these claims, said service providers and materialmen are entitled to pursue lienhold rights as against Plaintiff's equipment and lienhold improvements.

12.7    Defendants Little and Davies are personally liable under said guarantee for any said defects in title or lienhold encumbrances on said equipment.

# XIII.

## DAMAGES

13.1    Plaintiff realleges paragraphs 1.1 through 12.7 hereinabove.

13.2    Plaintiff has incurred out-of-pocket for the equipment, purchase installments and the initial licensing fee in the following amounts:

| | | |
|---|---|---|
| a) | SLBC license fee | $50,000.00 |
| b) | SLBC purchase price installments | $247,500.00 |
| | | $297,500.00 |

13.3    Plaintiff has incurred, and shall continue to incur, costs associated with the lease and leasehold improvements made necessary in anticipation of the performance of SLBC under the contract.  These costs and expenses include the following:

| | | |
|---|---|---|
| a) | Costs for building improvements | $91,000.00 |
| b) | Miscellaneous equipment costs | $22,000.00 |
| c) | Facility Lease (52 months @ $3,000.00/mo.) | $156,000.00 |
| d) | Utilities (3/09 - 7/09) | $2,813.66 |
| e) | Inventory | $11,745.00 |
| f) | Operating Supplies | $1,500.00 |
| | | $285,505.66 |

AMENDED COMPLAINT
Page 26

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

13.4    Plaintiff has advanced and incurred to date the following out-of-pocket expenses that were the responsibility of SLBC in SLBC's performance of its duties under the contract:

| | | |
|---|---|---|
| a) | Necessary supplies, parts, equipment, inventory and rentals | $4,895.54 |
| b) | Construction and installation | $3,344.01 |
| c) | Duty/shipping/handling for equipment and product delivery | $2,579.45 |
| d) | Transportation and mileage | $110.00 |
| | | **$10,929.00** |

13.5    The following is a list of contractors hired by SLBC to perform SLBC's duties at the microbrewery location who continue to remain unpaid and for which Plaintiff may likely be held responsible to pay in order to keep the property in which said equipment is located free from mechanic's and materialmen's liens:

| | | |
|---|---|---|
| a) | Strom Electric | $12,756.01 |
| b) | Ken Paulson Plumbing | $2,181.43 |
| c) | All Fabrication & Supply, LLC | $1,458.49 |
| d) | Power Science Engineering | $1,818.00 |
| | | **$18,213.93** |

13.6    As a result of the various equipment failures caused by SLBC, Plaintiff has further loss to its product and inventory, in the approximate amount of $1,000.00.

13.7    As a result of Defendant's misrepresentations concerning the *Irish* origins of the WORT supply and the ingredients used in connection therewith, Plaintiff has suffered out-of-pocket expenses for unusable labels, keg collars and accompanying carrying cases and accessories in the approximate amount of $1,400.00.

13.8    As a result of the acts, conducts, breaches and violations as set forth hereinabove, Plaintiff has been damaged in an amount equal to the difference between the

AMENDED COMPLAINT
Page 27

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

value of the property and performance that was promised by SLBC to the Plaintiff and the actual value of the property and performance that was actually received by the Plaintiff. Said damages for STRATEGIC's loss of the "benefit of the bargain" contemplated under the contract as promised by all Defendants herein, amounts to the sum of One Million Seven Hundred Fifty Thousand and 00/100 Dollars ($1,750,000.00).

13.9    As a proximate result of the inaccuracies of the representations made by Defendants SLBC NA, STEPHENSON and Stripp to Plaintiffs GREENE, the GREENES have suffered anxiety, stress and mental anguish in an amount to be proven at trial.

WHEREFORE, Plaintiff, STRATEGIC INTENTS, LLC, prays for the following relief:

1.    For rescission of the contract with SLBC, and a recovery of out-of-pocket expenses incurred herein and to be continue to incur herein, in order to place Plaintiff in the same situation as it was before it contract with Defendants.

2.    In the alternative to rescission, for treble the losses and out of pocket damages sustained by Plaintiff as set forth herein and in the further amounts to be proven at trial.

3.    For injunctive relief enjoining SLBC from participating in such other and further acts of deceptive and unfair trade practices in the State of Washington;

4.    For damages in favor of STRATEGIC and against all Defendants in the sum of One Million Seven Hundred Fifty Thousand and 00/100 Dollars ($1,750,000.00) for loss of profits anticipated under the benefit of the bargain Plaintiff had anticipated had SLBC's performance been in conformity with its representations in the inducement of the contract and the actual contract terms;

5.    For general damages in favor of STRATEGIC and against all Defendants in an amount to be proven at trial for loss of time and income, inconvenience, and other general damages.

6.    In the alternative to damages for lost profits and the "benefit of the bargain," for a lien in favor of STRATEGIC on and against the contract property in Plaintiff's possession, for costs and additional purchase amounts to cover the substitution of non-

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505

conforming goods and for recoupment of the purchase price sums remaining due and owing, plus incidental damages and consequential damages;

7.     For a judgment in favor of STRATEGIC against all said Defendants for costs and reasonable attorneys fees arising out of the institution and prosecution of these proceedings;

8.     For a judgment in favor of Plaintiffs GREENE as against Defendants SLBC NA, STEPHENSON AND STRIPP for damages as a result of anxiety, stress and mental anguish proximately caused by said Defendants' false and misleading representations in an amount to be proven at trial.

9.–     For such other relief as the court deems fitting and proper.


DATED this 4th day of September, 2009.



AITKEN, SCHAUBLE, PATRICK,
NEILL, RUFF & SHIRLEY



By: _____
     Linda Schauble-Ruff, WSBA #014707
     Of Attorneys for Plaintiff
     165 Kamiaken Street, Suite 210
     P.O. Box 307
     Pullman, WA 99163
     (509) 334-3505


AMENDED COMPLAINT
Page 29

STATE OF WASHINGTON )
                    : ss.
County of Whitman   )

JEFFREY A. GREENE and MELINDA L. GREENE, Managers, of STRATEGIC INTENT, LLC, being first duly sworn, depose and say as follows: We are the Managers of STRATEGIC INTENT, LLC, the Plaintiff named in the above and foregoing complaint. We have read said complaint, know the contents thereof and believe the same to be true.



JEFFREY A. GREENE.

MELINDA L. GREENE

SUBSCRIBED and SWORN to before me by Jeffrey A. Greene and Melinda L. Greene this 4th day of September, 2009.

Linda Schauble-Ruff
Notary Public in and for the State
of Washington residing at Spokane
My commission expires: 11/17/2010

AMENDED COMPLAINT
Page 30

AITKEN, SCHAUBLE, PATRICK, NEILL,
RUFF & SHIRLEY
P. O. BOX 307
PULLMAN, WASHINGTON 99163
(509) 334-3505