UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STRATEGIC INTENT, LLC, d/b/a
PALOUSE FALLS BREWING
COMPANY, JEFFREY A.
GREENE, and MELINDA L.
GREENE,

    Plaintiffs,

v.

STRANGFORD LOUGH
BREWING COMPANY LIMITED,
ROBERT LITTLE and JANE DOE
LITTLE, ANTHONY DAVIES and
TRACEY DAVIES, MICHAEL
STANLEY ROSS and JANE DOE
ROSS, JAMES STEPHENSON and
JANE DOE STEPHENSON, and
WAYNE STRIPP and JANE DOE
STRIPP,

    Defendants

NO. CV-09-309-RHW

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS**

Before the Court are Defendants' Motions for Protective Orders (Ct. Recs. 28 and 37) and Motions to Expedite Hearing (Ct. Recs. 25 and 34). Also before the Court is Defendants Stephenson and Stripp's Motion to Strike (Ct. Rec. 57) and Motion to Expedite Hearing (Ct. Rec. 55). These motions were heard on an expedited basis without oral argument.

## BACKGROUND

This litigation arose out of a business deal for exclusive license between an Irish brew company, Strangford Lough Brewing Company Limited ("SLBC"), its North American branch office ("SLBC NA"), and Plaintiffs, the licensees in

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 1

Washington. Initially, Plaintiffs assert that SLBC NA made material representations to them regarding the source of the beer, and the benefits of the business, which induced Plaintiffs to consider the prospect of a business license with SLBC. Eventually, Plaintiffs entered into an Exclusive Microbrewer License, Equipment, and Wort Supply Agreement with SLBC, which granted Plaintiffs exclusive rights to production of the Irish beer in Washington, California, Idaho and Oregon. The contract also called for a shipment of brewery equipment to Plaintiffs' place of business in Pullman, Washington, which was to be assembled immediately and production started shortly thereafter.

Plaintiffs' Complaint asserts that several months after the initial production, the equipment began to fail and the SLBC and SLBC NA did not provide appropriate replacement equipment. Furthermore, the material information regarding the origin of the beer ingredients and recipes could not be used on U.S. labels because they include misrepresentations about the product itself.

Plaintiffs filed suit for breach of contract, seeking the expenses incurred in Plaintiffs' production and continued maintenance of the beer which is allegedly unmarketable. Plaintiffs assert that SLBC NA and Defendants Stephenson and Stripp are liable because they held the rights to license the beer in the North American territories, and were the actors who made the material representations inducing Plaintiffs to enter the agreement. SLBC and Defendants Little and Davies are claimed to be liable because they knew of the material misrepresentations made by SLBC NA, and added to the misrepresentations during contract negotiations. Additionally, there is a claim for unilateral mistake by Plaintiffs based on the misleading information provided to them regarding the beer product. Finally, Plaintiffs make claims for breach of Franchise Protection Act, Consumer Protection Act, and other contract claims.

## DISCUSSION

Two motions for protective orders have been filed with the Court, asking the

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 2

Court to preclude Plaintiffs from requiring Defendants to travel from Ireland (Defendants Davies and Little) and Canada (Defendants Stephenson and Stripp) in order to attend depositions.

**I. Deposition in the United States**

The Court has wide discretion to control discovery, which includes the ability to determine the site of depositions. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994). Federal Rule of Civil Procedure ("FRCP") 26(c) provides for protective orders to be issued by the court. The pertinent language of the rule is:

> A party or any person from whom discovery is sought may move for a protective order . . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following . . .
> (B) specifying terms, including time and place, for the disclosure or discovery;
> (C) prescribing a discovery method other than the one selected by the party seeking discovery . . . .

"'On motion for protective order, the court should balance the costs and burdens to each side.'" *United States v. $160,066.98 from Bank of America*, 202 F.R.D. 624, 626 (S.D. Cal. 2001) (citation omitted).

Under the FRCP, the party seeking the deposition sets the place of the deposition, "subject to the power of the court to grant a protective order." *$160,066.98 from Bank of America*, 202 F.R.D. at 627. However, there is a presumption that a "defendant will be examined at his residence or place of business or employment." *Id.* If the defendant is a corporation, there is a general rule that "the 'deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.'" *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 483 (10th Cir. 1995). The policy behind the presumption is that the Plaintiff has chosen the forum in the first instance, thus cannot complain when discovery must be taken at "great distances from the forum." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987). Often there are exceptions based on the circumstances of the case, which would encourage a change in location of the

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 3

deposition. *$160,066.98 Bank of America*, 202 F.R.D. at 627. The court is instructed to balance the good cause showing of the party asking for a protective order against the need to conduct the deposition in the place the party seeking discovery chose. *See $160,066.98 from Bank of America*, 202 F.R.D. at 629.

A North Carolina district court laid down several factors the court should consider: "1) Counsel for the parties are located in the forum district. 2) The defendant is a large corporation whose employees often engage in travel, only one or two employees will be required to travel to the deposition . . . . 3) Significant discovery disputes may arise and judicial economy favors resolution by the forum court or other similar concerns. 4) The nature of the claim and the relationship of the parties are such that an appropriate adjustment of the equities favors a deposition site in the forum district." *Turner v. Prudential Ins. Co. of America*, 119 F.R.D. 381, 383 (M.D.N.C. 1988). Additionally, factors such as "the parties' convenience and relative hardships to attend the designated location; and cost of transportation and lost work to defendant" should be considered. *Willis v. Mullins*, 2006 WL 302343, *6 (E.D. Cal. 2006).

In the *$160,066.98 from Bank of America* case, the court found that the circumstances called for requiring the defendants to return from Pakistan to the United States for the depositions. *$160,066.98 from Bank of America*, 202 F.R.D at 627-28. The court decided that on balance the safety, cost, and efficiency weighed in favor of holding the depositions in the United States. *Id.* Specifically, the court pointed out that defense counsel was trying to "oversimplify the logistics of conducting the depositions in Pakistan" because the counsel did not take into account the time change for court decisions for contentions during discovery. *Id.* at 629. Additionally, the court found that the costs to be considered are not just that of the deponents, but also those for the counsel and the deposition site. *Id.* at 628.

On the other hand, in *O'Sullivan v. Rivera*, the court found that the plaintiff

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 4

had not presented any "exceptional circumstances" which would encourage the court to force the defendant to be deposed outside of their place of residence. *O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D.N.M. 2004). The defendant showed facts that the trip to New Mexico from Colorado would cause severe financial hardship because he was the sole earner for his family and the missed days of work would cause a hardship. *Id.* at 188. Additionally, in *Farquhar*, the court found no compelling reason to conduct the deposition in the United States, because the defendant was willing to be deposed in the place of his residence, the Netherlands, was willing to advance the cost of the plaintiff to take the deposition, and had previously been deposed successfully for other litigation in the Netherlands. *Farquhar*, 116 F.R.D. at 73.

Defendants Davies and Little assert that a protective order is appropriate because a trip from Ireland to Pullman, Washington is unnecessary. Both Defendants have submitted affidavits explaining that the travel to Pullman would be over 4,000 miles from their homes, and would take them away from running the SLBC business in Ireland.

Defendants Stephenson and Stripp have filed a motion for a protective order to require their depositions to be taken in Vancouver, British Columbia with the underlying theme of the motion being that they are inappropriate parties to the suit. Thus, Defendants Stephenson and Stripp claim that the little contact they have had with Plaintiffs would make the travel to Pullman, Washington for depositions even more burdensome. Additionally, both explained that they no longer are directors/owners of SLBC NA because the satellite company was sold.

Plaintiffs oppose the depositions being conducted elsewhere based on the exceptions that can be made to the general rule. First, Plaintiffs assert that the expense and time that will be needed to conduct them in Ireland and Canada, which would be equivalent to that of Defendants flying to the forum state. Additionally,

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 5

Plaintiffs assert that tension is high between the parties and there is likely to be need for judicial intervention, which will be settled easier and more efficiently if the depositions were conducted in the forum state.

    Based on the factors identified above, the Court finds that Plaintiffs have made the required showing of exceptional circumstances establishing that all depositions should be conducted in the United States. First, both counsel for Defendants Davies and Little and Plaintiffs are located in the forum state, which consequently means that the cost of transporting all of the attorneys to the deponents will likely be higher than that of bringing the two Defendants to the United States. Similarly, counsel for Defendants Stephenson and Stripp would require roughly the same amount of time and expense to travel from their offices in Seattle, Washington to either Vancouver, B.C. or Eastern Washington. In conjunction with this factor, Plaintiffs' counsel in her affidavit states that Plaintiffs are willing to stipulate that the only two employees of SLBC to be deposed would be Defendants Davies and Little. This would vitiate the problem of continuously dragging the employees of a corporation away from their work for travel to depositions. Defendants Davies and Little explain that the trip from Ireland to Pullman, Washington would be expensive and would take them away from their work. However, Plaintiffs are the sole owners and employees of their own business, and no person could take over the business while they are away for the depositions. Finally, and what the Court finds to be the most important, is the interest of the Court in making prompt decisions as to any disputes that may arise during the depositions. Plaintiffs' counsel asserts in her affidavit that tensions are very high between the parties, and there is likely to be dispute during the deposition process which will require judicial intervention. The delay in decision making occasioned by depositions being conducted out of the United States, and possibly in different time zones, counsels towards holding the depositions here. By

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** * 6

the same token, the technical difficulties and potential delays Plaintiffs identify with video-conference depositions suggest that in-person depositions in Washington are the most efficient and practicable solution. Accordingly, all of these factors considered together weigh in favor of requiring the Defendants to travel to the United States for the depositions.

Finally, the Court denies Defendant Stephenson and Stripp's Motion to Strike as moot. The motion deals with two paragraphs of Plaintiffs' Declaration, which Defendants argue are unsupported by personal knowledge and therefore inadmissible. The Court finds that the paragraphs of the Declaration at issue are not relevant to the Court's ruling on the Motions for Protective Orders, and therefore denies the motion as moot.

Accordingly, **IT IS HEREBY ORDERED:**

1.  Defendants' Motions to Expedite Hearing (Ct. Recs. 25, 34, and 55) are **GRANTED.**

2.  Defendants' Motions for Protective Orders (Ct. Recs. 28 and 37) are **DENIED.**

3.  Defendants' Motion to Strike (Ct. Rec. 57) is **DENIED as moot.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 16th day of June, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Strategic Intent\deny.prot.ord.wpd

**ORDER DENYING DEFENDANTS' MOTIONS FOR PROTECTIVE ORDERS** \* 7