UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

STRATEGIC INTENT, LLC, d/b/a PALOUSE FALLS BREWING COMPANY, *et al.*,

Plaintiffs,

v.

STRANGFORD LOUGH BREWING COMPANY LIMITED, *et al.*,

Defendants

NO. CV-09-309-RHW

**ORDER GRANTING STIPULATED MOTION FOR PROTECTIVE ORDER, *INTER ALIA***

Before the Court is Plaintiffs' Motion for Protective Order (Ct. Rec. 74), which the Court previously disposed of in a telephonic hearing on June 17, 2010. Therefore, that motion is denied as moot. Also before the Court is the parties' Stipulated Motion for Protective Order (Ct. Rec. 83), which is hereby granted. Finally, before the Court are Defendants' Motion for Protective Order (Ct. Rec. 104) and Plaintiffs' Motion to Amend Complaint (Ct. Rec. 120). Because of the timing of defense counsel's Motion for Leave to Withdraw, the parties never completed their briefing on these two motions. The motions are hereby stricken, and the parties are directed to re-note them for hearing after the Court rules on defense counsel's motion for leave to withdraw.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Protective Order (Ct. Rec. 74) is **DENIED as moot.**

2. Defendants' Motion for Protective Order (Ct. Rec. 104), Defendants'

Motion to Expedite Hearing (Ct. Rec. 108), and Plaintiffs' Motion to Amend Complaint (Ct. Rec. 120), are **stricken**. The parties are directed to re-note them for hearing after the Court rules on defense counsel's Motion for Leave to Withdraw.

3. Defense counsel's Motion to Expedite (Ct. Rec. 117) is **DENIED as moot.**

4. The parties' Stipulated Motion for Protective Order (Ct. Rec. 83) is **GRANTED.**

Based upon the Stipulation of the Parties, it is hereby ORDERED that materials containing a business's trade secrets and confidential proprietary information, which the Producing Party has in good faith stamped "Confidential," are the subject of this Order. Such materials designated as confidential shall be produced with a case designation and Bates number placed in a location that does not cover or mark over any textual material.

It is further ORDERED that, for purposes of this Order, the term "materials" means all written, recorded, or graphic material, whether produced or created by a Party or another person, whether produced pursuant to formal discovery instruments including requests for admissions, interrogatories, requests for production, subpoenas, by agreement, or otherwise. Formal discovery responses, deposition transcripts, exhibits, motions, affidavits, briefs and pleadings that summarize or contain information entitled to protection under this Order, may be stamped "Confidential," but to the extent feasible, shall be prepared in such a manner that the information is bound separately from that not entitled to protection.

It is further ORDERED that, except as provided below or as otherwise ordered by the Court, counsel for the Receiving Party may not share materials that are the subject of this Order, with any other corporation, partnership, association, governmental agency, organization, or person.

1. Such materials may be disclosed with the prior written consent of the

Party producing the information.

2. Such materials may be disclosed by further Order of this Court.

3. Such materials may be provided to the Court in connection with its consideration of any motion, and may be used as an exhibit or otherwise referred to at trial or mediation of the above-captioned matter. However, prior to filing such documents with the Court, the Submitting Party shall provide all other Parties, not less than ten (10) days' notice before filing so that the Producing Party may submit a request to the Court that the document be taken under seal.

4. Such materials may be shared by counsel for the Receiving Party with the employees of the Receiving Party and employees of the receiving counsel's law firm. Counsel for the Receiving Party shall ensure that all such employees are familiar with the terms of this Order and that they are instructed that they are bound by this Order and subject to the personal jurisdiction of this Court by signing a copy of the "Acknowledgment of Protective Order and Agreement to be Bound" attached to this Order and providing the same to all other Parties.

5. Counsel for the Receiving Party may share such materials with said Parties' experts, consultants, contractors and counsel's client and its employees if they agree to be bound by the provisions of this Order and subject to the personal jurisdiction of this Court by signing a copy of the "Acknowledgment of Protective Order and Agreement to be Bound" attached to this Order and providing the same to all other Parties.

6. A deponent may, during a deposition, be shown and examined about materials or information protected under this Order if the deponent is a Party to the action; if the deponent is a current employee, corporate representative, or expert witness for such Party; or if the deponent

agrees to be bound by the provisions of this Order. Court reporters and videographers need not be bound by this Order, however, materials stamped "Confidential" shall not be surrendered or entrusted to any court reporter or videographer. Such materials shall be retained by counsel for the Parties with the original retained by the custodial counsel for the deposition. No portion of a deposition or a videotape of a deposition containing such confidential information may be shared with anyone who has not signed a copy of the "Acknowledgment of Protective Order and Agreement to be Bound" attached to this Order, except as may otherwise be provided for by this Agreement or by further order of the Court.

It is further ORDERED that:

1. If a Receiving Party disputes in good faith that materials produced are the subject of this Order, said Party shall notify the Producing Party in writing, at which time the Producing Party may, within fifteen (15) days, move for a determination that the materials are entitled to protection. Under such circumstances, the Producing Party bears the burden of proving that the materials are the subject of this Order and entitled to confidentiality. If no motion is filed within fifteen (15) days, the materials shall not be considered confidential or subject to this Order. If a motion is filed, the materials shall be subject to this Order until the motion is ruled upon, and shall thereafter be subject to this Order if so ruled by this Court. In disputing that materials are the subject of this Order, except as may otherwise be ordered by the Court, a Party shall not attach such materials, or copies thereof, as exhibits to any pleading, motion, or proposed order which may be filed or otherwise made a part of the public record, but shall request the Court review the same *in camera*. In the event of a ruling by this

Court holding that particular materials are not subject to protection, and except as my otherwise be ordered by the Court, the Producing Party shall have ten (10) days from the date of the signing of any such Order to perfect an appeal by way of a writ of *mandamus* or otherwise, and for said (1) days, the Parties shall not disseminate any such materials.

2. If another tribunal, court, or any administrative agency subpoenas or orders production of materials stamped "Confidential," which a Party or their counsel has obtained under this Order, such Party or their counsel shall promptly notify the Producing Party of the pendency of such subpoena or order not less than ten (10) days prior to the required response date and before any production of any such materials.

3. Counsel signing this Order are responsible for employing reasonable measure to control, in a manner consistent with this Order, duplication of, access to, and distribution of copies of materials stamped "Confidential."

4. The provisions of this Order shall not terminate when a judgment or order of dismissal becomes final in this civil action. Within thirty (3) days after such judgment or order becomes final, such materials and all copies of such materials shall be returned to counsel for the Producing Party, or at the option of the Producing Party, destroyed. Counsel for the Receiving Party shall certify compliance in writing to counsel for the Producing Party at that time.

///

///

///

///

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order and forward copies to counsel.

**DATED** this 21st day of December, 2010.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Strategic Intent\prot.ord.wpd