UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| STRATEGIC INTENT, LLC, d/b/a PALOUSE FALLS BREWING COMPANY, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>STRANGFORD LOUGH BREWING COMPANY LIMITED, *et al.*,<br><br>    Defendants | NO. CV-09-309-RHW<br><br>**ORDER TO SHOW CAUSE AND ORDER GRANTING IN PART PLAINTIFFS' UNOPPOSED MOTIONS,** *INTER ALIA* |

Before the Court are Plaintiffs' Motion for Leave to File Second Amended Complaint (Ct. Rec. 120), Motion for Partial Summary Judgment (Ct. Rec. 124), Motion for Sanctions (Ct. Rec. 149), and Motion for Entry of Default as to All Defendants (Ct. Rec. 162). The Court held a telephonic hearing on these motions on March 3, 2011. John Giesa appeared on behalf of Plaintiffs; Anthony Davies appeared *pro se*; all other Defendants failed to appear. This order memorializes the oral rulings the Court made at the hearing.

Defendants have failed to respond to any of Plaintiffs' Motions, despite the Court's order that they do so (Ct. Rec. 145). Under Local Rule 7.1(e), the Court considers Defendants' failures to respond to be consent to the entry of adverse orders. After an independent review the Court also finds Plaintiffs' motions to have merit. Therefore, the Court grants in part the relief Plaintiffs seek. Specifically, the Court grants in their entirety Plaintiffs' Motion for Leave to File Second Amended Complaint (Ct. Rec. 120) and Motion for Partial Summary Judgment (Ct. Rec.

**ORDER TO SHOW CAUSE AND ORDER GRANTING IN PART PLAINTIFFS' UNOPPOSED MOTIONS,** *INTER ALIA* \* 1

124), and grants in part Plaintiffs' Motion for Sanctions (Ct. Rec. 149).

The effect of this relief, in sum, is that Defendants will be prohibited from calling any witnesses and introducing any exhibits at trial, and will be limited to cross-examining Plaintiffs' case-in-chief. However, Plaintiffs do not claim that Defendants' failures to participate in discovery have prejudiced Plaintiffs' ability to prove their own case, which they have the burden to do. Therefore, the Court is not prepared at this time to enter a default judgment against Defendants, and reserves ruling on Plaintiffs' Motion for Entry of Default as to All Defendants (Ct. Rec. 162).

Nonetheless, based on Defendants' failures to participate in this case, the Court is concerned that Defendants will not appear at trial, ultimately resulting in a default judgment. Such a result would waste judicial resources and cause Plaintiffs further needless expense. All Defendants, including the corporate Defendant Strangford Lough Brewing Company Limited, remain unrepresented in this matter. The corporate Defendant cannot proceed *pro se* under Local Rule 83.6, as the Court has previously made clear on several occasions. All Defendants except Defendant Davies failed to appear at telephonic status conferences held on February 3, 2011, and March 3, 2011, despite the Court's orders that they do so (Ct. Recs. 141 and 145). Defendants have failed to respond to any of Plaintiffs' Motions, again in defiance of the Court's order (Ct. Rec. 145). Defendants have failed to fulfill any of their obligations set forth in the Court's Scheduling Order (Ct. Rec. 88), including failing to file witness and exhibit lists, disclose expert witnesses, and designate deposition testimony. Most importantly, Defendants failed to confer with Plaintiffs and file a joint Pretrial Order, as they were directed to do in the Scheduling Order. Plaintiffs have filed their own proposed Pretrial Order without Defendants' contributions (Ct. Rec. 166). Without Defendants' contributions, it is not clear to the Court what, if any, factual and legal issues remain to be resolved at trial in this matter.

Therefore, on or before March 9, 2011, each Defendant shall Show Cause in writing why a default judgment should not be entered, and shall identify with specificity what issues remain to be resolved at trial.

At the hearing, Defendant Davies orally moved for a continuance, which the Court denied for the reasons set forth on the record. The Court also stayed all remaining pretrial deadlines until receiving and ruling on Defendants' response to the Order to Show Cause.

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiffs' Motion for Leave to File Second Amended Complaint (Ct. Rec. 120), Motion for Partial Summary Judgment (Ct. Rec. 124), and Motion for Sanctions (Ct. Rec. 149) are **GRANTED.**

2. Defendants' Motion for a Protective Order (Ct. Rec. 104) is **DENIED.**

3. The Court reserves ruling on Plaintiffs' Motion for Entry of Default as to All Defendants (Ct. Rec. 162). On or before **March 9, 2011**, each Defendant shall Show Cause in writing why a default judgment should not be entered, and shall identify with specificity what issues remain to be resolved at trial. The Court shall hear argument on the issue at the pretrial conference set for **March 11, 2011, at 9:00 a.m.** At the appointed time, the parties shall call the Court's conference line at 509-458-6382.

4. Should this matter proceed to trial, Defendants will be prohibited from calling any witnesses and introducing any exhibits, and will be limited to cross-examining Plaintiffs' case-in-chief.

5. Defendant Davies' oral motion to continue is **DENIED.**

6. All pending pretrial deadlines are **STAYED** until the Court rules on Defendants' response to the Order to Show Cause.

///

///

**IT IS SO ORDERED.** The District Court Executive is directed to enter this

ORDER TO SHOW CAUSE AND ORDER GRANTING IN PART PLAINTIFFS' UNOPPOSED MOTIONS, *INTER ALIA* \* 3

Order and forward copies to Plaintiffs' counsel and the individual Defendants at their addresses of record.

**DATED** this 3rd day of March, 2011.

*s/Robert H. Whaley*
ROBERT H. WHALEY
United States District Judge

Q:\CIVIL\2009\Strategic Intent\grantmotions.ord.wpd